## WACHER, Respondent, v. ST. LOUIS TRANSIT COMPANY, Appellant.

**St. Louis Court of Appeals, December 13, 1904.**

1. **PRACTICE: Demurrer to Evidence.** Whether evidence preponderates for plaintiff or for defendant is a question of fact which must be decided by the jury as the sole judges of the weight of the testimony.

2. ———: **Negligence: Different Acts: One Recovery.** In an action for personal injuries caused to plaintiff by the negligence of the defendant, where several distinct acts of negligence were charged in the petition, the plaintiff's right of action were nevertheless single and a general instruction authorizing a verdict for plaintiff, if they found the defendant guilty of one or more of the acts of negligence, was sufficient. It was not necessary for the jury to concur in finding any particular act of negligence.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Douglas,* Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, Geo. W. Easley* and *Crawley & Jamison* for appellant.

(1) Reasonable allowance being made for the coloring in favor of plaintiff contained in the testimony of himself and one or two of his witnesses, patent upon the face of the record, and eliminating from consideration such portions of the evidence as contradict the physical facts, an unprejudiced reader of the record in this case cannot do otherwise, we think, than arrive at the conclusion that the verdict in favor of plaintiff is against the great preponderance of the evidence and was the result of bias or prejudice on the part of the jury. Ledwidge v. St. Louis Transit Co., 73 S. W. 1008; Reno v. Railroad, 73 S. W. 464; Ries v. Railroad, 77 S. W. 734; Barrie v. Railroad, 75

S. W. 706; Moore v. Railroad, 176 Mo. 528, 75 S. W. 672; McCaulay v. Railroad, 79 S. W. 461. (2) Plaintiff might very properly have stated the several assignments of negligence in separate counts in his petition. Had he adopted such form of pleading, it would have been necessary for the jury to make a separate finding as to each count. Lancaster v. Ins. Co., 92 Mo. 460, 5 S. W. 23; Clark v. Railroad, 36 Mo. 202; Brownell v. Railroad, 47 Mo. 239. (3) Where plaintiff's demand consists of several distinct and separate causes of action for penalties alleged to be due to plaintiff, a general verdict of "not guilty" is sufficient, though, had the finding been for the plaintiff, a separate verdict on each cause of action would have been necessary. Road & Bridge Co. v. Bowling, 53 Mo. 311.

*Connett & Currie* and *Scullin & Chopin* for respondent.

(1) The court did not err in sending the case to the jury. The appellate courts will not pass upon the weight of the evidence nor determine its credibility and value when conflicting. The weight and credibility of the evidence is for the jury to determine. Warder-Bushnell-Glesser Co. v. Allen, 63 Mo. App. 456; Mill Co. v. Brinhl, 51 Mo. 144; Holden v. Vaughn, 64 Mo. 588. (2) It is well-established law in this State that where several causes of action are stated in different counts in the same petition the jury should find separate verdicts on each count, but where there is but one cause of action, though stated in different counts, there need be but one finding or verdict. Brownell v. Railroad, 47 Mo. 240; Brady v. Connelly, 52 Mo. 19; Oliver v. Railroad, 58 Mo. 394; Lancaster v. Ins. Co., 92 Mo. 460, 5 S. W. 23.

REYBURN, J.—Plaintiff sustained personal injuries consequent on a collision between the one-horse wagon, which he was driving under employment by

the Hyde Park Brewery, and a car of defendant. On the twenty-ninth of September, 1903, about four o'clock p. m. plaintiff was proceeding eastwardly on Spruce street, and upon reaching a point in that street near the alley between Sixth and Seventh streets, he looked northwardly across the vacant lot at northwest corner of Sixth and Spruce streets, but neither saw nor heard any south-bound car. He continued driving at a trot till Sixth street was near, when he checked his horse and again looked northward for any approaching car. At this time a large wagon of the transfer company, about twenty feet long, and twelve feet high, covered with tarpaulin, had intervened, moving west, when he looked the second time. As he diverged into Sixth street, a candy wagon was fastened to a post about sixty feet south, obstructing the west side of the street, perceiving which, immediately, on leaving Spruce street, he travelled along the western railroad track and drove about seventy feet southward and was just pulling out of the track around the stationary wagon, when the beer wagon was struck on the left rear end and hurled against the candy wagon and finally left lying in the street south of the candy wagon and between the track and pavement. Plaintiff's testimony to the foregoing effect received corroboration in substantial details from eyewitnesses of the casualty and his claim that no bell or gong sounded, was in like manner afforded support and confirmed. The spectators examined, variously estimated the distance separating the car from the wagon, when first observed by them, at from forty to eighty feet and the speed of the moving car at from fifteen to twenty miles per hour, and a former motorman declared that under the facts exhibited in this case, a car could be stopped in forty or fifty feet, with safety to the passengers and without injury to the car, by diligent use of the appliances provided. The testimony of the witnesses examined on behalf of the defendant controverted the testimony in-

troduced by plaintiff, and tended to demonstrate that the collision was directly attributable to plaintiff's reckless action in driving from Spruce street into Sixth street at a point where, in the due exercise of his senses of sight and hearing, he could not have failed to see and hear the car and from passing at a rapid gait in front of the car, where it was impossible for the motorman to stop or check it and avoid colliding.

1. Upon the state of facts exhibited by the proof, offered in behalf of defendant, the conclusion might reasonably have been reached, and the jury might have found, that plaintiff was guilty of contributory negligence, the proximate and immediate cause of the accident and that, as he was responsible for his own mishap, he was not entitled to redress from defendant; but it is, of course, not sufficient to justify a court in taking a case from the jury that the evidence on the part of defendant should demonstrate that the plaintiff was chargeable with contributory negligence. Negligence is always a question for the jury when the evidence upon material points is conflicting, and the testimony introduced by plaintiff conclusively pointed to the existence of a state of facts entitling him to have his case go to the jury. Appellant further insists that the jury rendered a verdict against the weight of the evidence. Whether the evidence preponderated for plaintiff or for defendant was not a question of law, but a question of fact, which must be decided by the jury as sole judge of the weight and credibility to be attached to the testimony of the witnesses. Nor can it be confidently affirmed, under the conflicting evidence of this case, that the verdict conclusively shows passion or prejudice on the part of the jury. The trial judge has refused to disturb the verdict and no satisfactory reason has been advanced for questioning the proper performance by him of his judicial duty or disbelieving the rightful exercise of his discretionary power in this regard.

2. The petition declared on numerous specifications of negligent conduct attributed to defendant and the latter asked unavailingly the following instruction:

"There being several specified acts or items of negligence charged in the petition, it is not only necessary that nine or more of your number shall agree to find in the plaintiff's favor before he can recover, but it is also necessary that the nine or more of you so agreeing shall all concur as to at least one of the special acts or items of negligence submitted for your determination."

On this branch of the case the court, at instance of appellant, had charged thus:

"The plaintiff in his petition charges that the collision and injuries of which he complains were directly caused by the carelessness and negligence of defendant's servants in charge of the car in the following particulars, to-wit:

"1. In negligently managing the car.

"2. In failing to keep watch for vehicles on the track in front of said car.

"3. In failing to sound the bell, or in any other manner warning the plaintiff of the car's approach.

"4. In failing to stop the car after the danger of striking plaintiff's wagon became apparent, or by the exercise of ordinary care would have become apparent.

"5. By running the car at a high and dangerous rate of speed.

"Now then the court instructs you that before plaintiff can recover at all, he is bound to prove by the greater weight of all the credible evidence in the case that said collision was in fact directly caused by one or more of the specific items of negligence above enumerated, and no other, and if he has failed to make this proof, or, having made it, if the evidence further shows that he himself through lack of reasonable care for his own safety in driving upon or along the track,

directly contributed to the collision, then he cannot recover, and your verdict must be for the defendant.''

The plaintiff's right of action was single and not collective of several distinct or separate causes of action and was properly pleaded in one count. The mental operations by which the individual members composing the panel of jurors severally attained a verdict cannot be subject of judicial inquiry nor be controlled by the court, and the instruction was properly rejected; it is obvious that if the jury had seen fit to disregard such direction and arrive at a verdict for plaintiff, as illustrated by appellant by a division into groups, each section of different mind as to the particular dereliction of which defendant was guilty, but all concurring, as in this instance, in a harmonious and unanimous verdict, no power or method on the part of the court exists by which to ascertain that the jury had ignored the instruction and reached the conclusion in the manner illustrated. A similar instruction was refused in Holden v. Transit Co., 108 Mo. App. 665, decided by this court, and such declination adjudged correct and to that opinion we adhere. Judgment affirmed.