107 N.J. Super. 351 (1969)
258 A.2d 379
LLOYD WARD AND ERNESTINE WARD, PLAINTIFFS-RESPONDENTS,
v.
GEORGE WEEKES AND WILLIE BELL, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued October 20, 1969.
Decided November 6, 1969.
Before Judges SULLIVAN, CARTON and HALPERN.
Mr. Peter H. Wegener argued the cause for appellants (Messrs. McCarter & English, attorneys).
Mr. H. Albert Hyett argued the cause for respondent.
*352 The opinion of the court was delivered by HALPERN, J.A.D.
Plaintiff, Lloyd Ward, was involved in an accident with a taxi owned by defendant George Weekes, and driven by his employee, defendant, Willie Bell. In Ward's suit against the defendants jury verdicts were rendered and judgments entered against the defendants in the sums of $1,000 for Ward, and $200 for his wife on her per quod claim.
It is uncontradicted that when the jury was polled two jurors stated that they agreed with the verdicts on liability but not on the amount of the damage awards; two different jurors stated they disagreed with the verdicts on liability but agreed on the amount of the damage awards. This resulted in ten-two verdicts for plaintiffs, but the same ten did not agree on the issues of liability and damages.
Plaintiffs moved for a new trial on two grounds. (1) The verdicts were defective in that they were rendered by less than ten jurors; and (2) the verdicts were inadequate being the result of mistake, partiality, prejudice or passion. The court set the verdicts and judgments aside on the basis that at least the same ten jurors must agree on the issues of liability and damages. He granted a new trial as to liability and damages and did not pass upon the inadequacy claim.
The issue confronting us is whether a ten-two jury verdict is valid when at least the same ten do not agree on the issues of liability and damages. This issue has not been decided in New Jersey.
Jury verdicts by five-sixths of the jury are permitted by N.J. Const. (1947), Art. I, par. 9, the applicable portion of which provides that "The Legislature may provide that in any civil cause a verdict may be rendered by not less than five-sixths of the jury * * *." Pursuant to such authorization the Legislature enacted N.J.S.A. 2A:80-2: "In any civil cause wherein a jury of 12 shall be impanelled, a verdict may be rendered by 10 or more of the jury agreeing * * *."
*353 By rule of court the statute was implemented to permit litigants, by stipulation, to try cases with less than 12 jurors and a verdict to be rendered by only a majority. R.R. 4:49-1(a), now R. 1:8-2(a), R.R. 4:49-1(b), now R. 1:8-2(b), imposes an implied stipulation on the litigants that if one or two jurors are excused, the verdict may be rendered by ten or more of the jurors agreeing, unless, at the jury drawing any of the litigants object to such implied stipulation. In addition, R.R. 4:49-2 requires a jury to be polled if its verdict is not unanimous.
There is nothing in the provisions of the cited constitution, statute or rules requiring all issues in a case to be decided by at least the same ten jurors. On the contrary, reference is only made to the term "a verdict." We must assume that the framers of the 1947 Constitution, the Legislature and the Supreme Court realized that "a verdict" is a single final decision of a jury on all the factual issues submitted to it by a court for determination. Andres v. United States, 333 U.S. 740, 68 S.Ct. 880, 92 L.Ed. 1055 (1948). If these bodies intended to have each issue decided by at least the same ten jurors, they would have so provided. The failure to do so indicates they realized that trials consist of many issues and to require at least the same ten jurors to agree on all issues would be impractical and undesirable.
The opposite approach was taken in Wisconsin, a state where the doctrine of comparative negligence is used. The Wisconsin statute makes it mandatory that "If more than one question must be answered to arrive at a verdict on the same cause of action, the same five-sixths of the jurors must agree on all such questions." This statute makes it clear that at least the same ten jurors must agree on all issues before a jury verdict is valid, and their decisions so hold. Christensen v. Petersen, 198 Wis 222, 222 N.W. 231 (Wis. Sup. Ct. 1928), rehearing den. 198 Wis. 222, 223 N.W. 839 (1929); Hupf v. State Farm Mutual Ins. Co., 12 Wis.2d 176, 107 N.W.2d 185 (Sup. Ct. 1961); Strupp v. *354 Farmers Mutual Automobile Ins. Co., 14 Wis.2d 158, 109 N.W.2d 660 (Sup. Ct. 1961).
The court below set aside plaintiffs' verdicts because the two jurors who voted against liability did not have the right to consider the issue of damages. He concluded it would be inconsistent with their finding defendants not guilty of negligence. We disagree with such conclusion because it implies improper conduct and prejudice upon the part of the dissenting jurors.
The instant case is typical of the many auto accident cases tried daily in the courts. The dispositive issues in these cases are usually negligence, contributory negligence and damages. A typical charge explains the function of the court and jury, defines the applicable law, and suggests to the jury that (a) they first consider the issue of defendant's negligence, and if they absolve him from responsibility, they need go no further; (b) if they find defendant to be negligent as defined to them, they should then consider the issue of plaintiff's contributory negligence, and if they find him to have been negligent as defined, then again they need go no further; and (c) if they find defendant to have been negligent and plaintiff free from contributory negligence then, and only then, should they consider the issue of damages. The charge generally concludes with the explanation that their verdict may be no cause for action if they find for defendant, or one lump sum of money if they find for plaintiff; and that their verdict may be rendered as soon as at least ten of them are in agreement. We are unaware of any charge, nor has any been brought to our attention, which instructs the jury to vote separately on each issue and that at least the same ten must agree on all issues.
In the vast majority of cases the jury's verdict, whether for plaintiff or defendant, does not indicate how each juror voted on each issue before arriving at their ultimate verdict. This is likewise true even when the jury is polled. Therefore, in the ordinary case we never know how each juror *355 voted on the separate issues considered in arriving at their verdict.
To adopt the reasoning that the one or two jurors voting against liability (either because of defendant's freedom from negligence or plaintiff's contributory negligence) cannot consistently participate in the solution of the remaining issue of damages is untenable. It presupposes that because such dissenting juror concluded plaintiff was not entitled to recover, he would then prejudice the other jurors in their consideration of the damage issue  it is inferred he would hold out for a minimum verdict for plaintiff resulting in a compromise, or otherwise improper, verdict. We see no sound reason to assume that such juror would violate his oath of office and not render "a true verdict according to the evidence." It is more proper to assume that when a juror is outvoted on an issue (liability) he will accept the outcome and continue to deliberate with the other jurors honestly and conscientiously to decide the remaining issues. If such is done, and we have no proof to the contrary in this case, then the ultimate verdict by at least ten is proper and in compliance with N.J.S.A. 2A:80-2.
Our determination is consistent with the decision in Malinauskas v. Public Service, 6 N.J. 269 (1951), where the court stated:
It is a well established rule that a verdict is to be liberally construed, and all reasonable intendment will be indulged in its support, and it will not be held insufficient, unless, from necessity, there is doubt as to its meaning. * * * [at 277]
It is advisable to consider the alternatives. If it be determined that at least the same ten jurors must agree on all issues to have a valid verdict, then it will be necessary in the future to specifically charge juries to that effect. Assuming that two jurors dissent on the liability issue, should the judge instruct the jury that the two dissenters must leave the room so as not to taint the remaining issues to be decided? Or should he instruct them to remain but refrain from participating *356 in any further discussion and disposition of the case? Either alternative would be an unwarranted and unreasonable construction of the previously cited provisions in the Constitution, statute and rules. It would improperly remove two minds from considering all the issues to be resolved in reaching a verdict. It also would be in derogation of the purposes sought to be accomplished in allowing five-sixth verdicts, which were (a) to avert unjust verdicts resulting from one or two recalcitrant or dishonest jurors holding out; (b) to prevent the economic loss to the public, litigants, attorneys, and witnesses, because of mistrials, and (c) to alleviate court congestion and unfairness resulting from prolonged delay. See F. v. M., 96 N.J. Super. 335, 342 (App. Div. 1967), certif. den. State v. Billings, 50 N.J. 300 (1967). In the future, to avoid possible error, it may be advisable for trial judges to specifically charge juries, where applicable, that their verdicts are proper if each dispositive issue to be decided is agreed upon by any ten of them, and they should participate fully in determining all issues.
For the reasons expressed, we reverse the judgment of the court below in setting aside the verdicts and judgments. In light of our determination, and since the trial judge deemed it unnecessary to decide plaintiffs' second ground for seeking a new trial based on the inadequacy of the verdicts, the case is hereby remanded with instructions to decide that issue.