[No. 3280-9-III.   Division Three.   April 10, 1980.]

MARIA GARCIA, *Respondent,* v. DORIS BRULOTTE, ET AL, *Appellants.*

*Terry A. Brooks* and *Brooks & Larson,* for appellants.

*Antonio R. Salazar* and *MacDonald, Hoague & Bayless,* for respondent.

MUNSON, J.—The employers Brulotte appeal from a judgment entered upon a jury verdict alleging two issues: (1) the court erred in granting plaintiff's motion for a directed verdict; and (2) the court erred in receiving the verdict inasmuch as the same ten jurors did not agree as to the plaintiff's total damage and as to the percentage of negligence attributable to the plaintiff. We affirm.

Maria Garcia was injured while riding on the front of a farm tractor. She was standing on a metal frame holding onto a crossbar while the tractor was being driven from one area of a hop field to another by the Brulottes' driver. When the driver stopped the tractor, he simultaneously lowered a metal bar and Garcia's wrist was caught and injured. The driver knew she was riding on the front of the tractor and thought she had gotten off when he stopped.

The Brulottes' first assignment of error alleges the court erred in entering a directed verdict that the driver–employee was negligent and thus the employers were vicariously liable. The court reasoned that as a matter of common–law negligence the driver, knowing he had a passenger riding on the front of the tractor, breached the duty owed the riding employee when he lowered the mechanism without determining whether she had gotten off the tractor when it stopped. We agree with the trial court. There can be no question that the metal cage attached to the front of the tractor was for the purpose of lifting farm employees up into the air so that the top of the hop vines could be cut. The purpose of the tractor was not to transport people. The Brulottes' driver knew Garcia was on the tractor while he moved from one part of the field to another. Permitting an employee to ride in this fashion, then stopping the tractor and failing to determine whether she was off before engaging the mechanism clearly was a breach of a duty owed her.

A further basis for the trial court holding the employers liable through their employee–driver's negligence was WAC 296–306–165(6)(b), a regulation adopted pursuant to the Washington Industrial Safety and Health Act of 1973 (WISHA), RCW 49.17. This regulation pertains to farm employees and provides:

> Passengers, other than persons required for instruction or machine operation shall not be permitted to ride on equipment unless a passenger seat or other protective device is provided.

██ The employers contend the regulation creates a factual question as to whether they permitted Garcia to ride on the tractor without a passenger seat. We disagree. This case is controlled by *Bennett v. Messick*, 76 Wn.2d 474, 457 P.2d 609 (1969), wherein the court held at 475–76:

> [The fellow servant rule] generally provides nonliability for an employer whose employee, while acting within the scope of his employment, is injured solely by the negligence of a fellow servant. *Buss v. Wachsmith*, 190 Wash. 673, 70 P.2d 417 (1937).

Although we follow the rule, we have grafted an exception upon it. We explained that exception in *Buss* and repeated it in *Plemmons v. Antles,* 52 Wn.2d 269, 324 P.2d 823 (1958). *We said that we will not extend the bar to recovery when the servant whose negligence causes the injury has the exclusive control of the instrumentality by which the injury is inflicted.* The reasoning behind that exception is based on the theory that the exclusive control of the vehicle which creates the danger is a nondelegable duty and remains the responsibility of the master. As far as the operation of the instrumentality is concerned, the operator stands in the shoes of the master and is considered a vice–principal, not a fellow servant.

(Italics ours.)

Here, it is undenied that the driver had been assigned to drive the tractor. He permitted Garcia to ride on the front of the tractor, which admittedly did not have a passenger seat; thus, the regulation was violated. A violation of the regulation was negligence per se under these facts, *Kness v. Truck Trailer Equip. Co.,* 81 Wn.2d 251, 501 P.2d 285 (1972), and the driver's action in lowering the mechanism was the proximate cause of Garcia's injury. Thus, only the issue of damage remained for determination by the jury.

The employers next assign error to the trial court's acceptance of the jury's verdict. While polling the jury after they returned their verdict, the court discovered the *same* ten jurors did not agree on two separate answers in instruction No. 16,[1] *i.e.,* the amount of Garcia's damages

---

[1]The instruction consisted of six questions in the following format:
"QUESTION NO. 1: Was the defendant negligent?
    "Answer: _____ (Yes or No)
    "(If your answer is 'no', do not answer any further questions.)
"QUESTION NO. 2: Was the defendant's negligence a proximate cause of injury or damage to the plaintiff?
    "Answer: _____ (Yes or No)
    "(If your answer is 'no', do not answer any further questions.)"
The court by finding the Brulottes liable as a matter of law and that the action of their driver was a proximate cause of Garcia's injury, had answered those questions "yes." Therefore, the following questions were left for the determination of the jury:

(question No. 3, instruction No. 16, see footnote 1) and her percentage of negligence (question No. 6, instruction No. 16, see footnote 1). Ten jurors fixed total damages at $50,000; ten jurors also found Garcia 15 percent negligent.

There was disagreement between jurors 10 and 11 on damages and the percentage of Garcia's negligence. Juror 3 remained constant in disagreement with the jury's verdict on both issues. Juror 11 disagreed with the jury's verdict on damages; whether this juror believed the amount was either excessive or inadequate is not disclosed. This juror did agree with the assessment of plaintiff's percentage of negligence. Juror 10, although agreeing to the amount of damages, disagreed with the jury's verdict as to the percentage of Garcia's negligence; whether this juror considered this assessment to be a higher or lower percentage is not disclosed.

█ The Brulottes contend that because the same ten jurors did not agree to the total damages and to the percentage of Garcia's negligence, the trial court should not have accepted the verdict. We disagree. The two questions do not relate to the same issue; rather, they are independent considerations. The response to one does not require the same response as to the other, nor does one affect the other. The disagreement between two jurors (10 and 11) on the amount of damages and percentage of Garcia's negligence does not invalidate the verdict. We do not find the responses inconsistent; they can be read harmoniously and

---

"QUESTION No. 3: What is the total amount of the plaintiff's damages?
  "Answer: $_____
"QUESTION No. 4: Was the plaintiff negligent?
  "Answer: _____ (Yes or No)
  "(If your answer is 'no', do not answer any further questions.)
"QUESTION No. 5: Was the plaintiff's negligence a proximate cause of the injury or damage to the plaintiff?
  "Answer: _____ (Yes or No)
  "(If your answer is 'no', do not answer any further questions.)
"QUESTION No. 6: Using 100% as the total combined negligence of the parties which contributed to the injury or damage to the plaintiff, what percentage of such negligence is attributable to the plaintiff?
  "Answer: _____%."

will support a judgment. *Department of Highways v. Evans Engine and Equip. Co.,* 22 Wn. App. 202, 589 P.2d 290 (1978); *Van Cleve v. Betts,* 16 Wn. App. 748, 559 P.2d 1006 (1977).[2]

Judgment affirmed.

GREEN, C.J., and MCINTURFF, J., concur.

Reconsideration denied May 8, 1980.

Review granted by Supreme Court July 18, 1980.

---

[2]We note that instruction No. 18 differs from both WPI 1.08 and RCW 4.44-.380. WPI 1.08 reads in part as follows: "This being a civil case, ten of your number may agree upon a verdict. When ten of you have so agreed, fill in the proper form of verdict to express the results of your determination." RCW 4.44.380 states in pertinent part: "In cases where the jury is twelve in number, a verdict reached by ten shall have the same force and effect as described above, and the same procedures shall be followed." However, instruction No. 18 reads in pertinent part: "When at least the *same ten* of you have so agreed upon the answers to the appropriate questions, . . . fill in the answers to express the results of your determination." (Italics ours.) Neither the statute nor the pattern jury instruction requires agreement of the same ten jurors on a special verdict form such as was submitted here. The language of the instruction could be interpreted as requiring the "same ten" to agree on each answer. We do not believe that is required as respects questions Nos. 3 and 6. The trial court may wish to reexamine its instruction in this regard. The Brulottes do not argue the jurors did not follow the court's instructions.