[No. 47082. En Banc. December 4, 1980.]

MARIA GARCIA, *Respondent*, v. DORIS BRULOTTE, ET AL, *Petitioners*.

*Brooks, Larson & Abeyta,* by *Terry A. Brooks* and *Terry P. Abeyta,* for petitioners.

*MacDonald, Hoague & Bayless,* by *Antonio Salazar,* for respondent.

BRACHTENBACH, J.—This is an action for damages for personal injuries sustained by plaintiff while employed on defendants' hop ranch. The trial court directed a verdict for plaintiff on liability. This being a comparative negligence case, the trial court submitted interrogatories to the jury to determine (1) the amount of damages, (2) whether plaintiff was negligent and if so whether that was a proximate cause of plaintiff's injury, and (3) what percentage of the total combined negligence of the parties was attributable to plaintiff.

The jury fixed damages at $50,000, found that plaintiff's negligence was a proximate cause of her injuries, and attributed 15 percent of the total negligence in the case to plaintiff. A question arose concerning the validity of the verdict as expressed in the answers to the interrogatories.

Defendants appealed both the trial court's entry of a directed verdict finding them liable and the court's acceptance of the jury's verdict. The Court of Appeals affirmed. *Garcia v. Brulotte,* 25 Wn. App. 818, 609 P.2d 976 (1980). We granted review of the verdict question only. We reverse the Court of Appeals and remand for trial to determine the amount of plaintiff's recovery.

The issue before the court is whether the *same* 10 jurors must agree upon the answers to the interrogatories in order for the verdict to be valid. *See* RCW 4.44.380.[1] When the jury was polled, the answers revealed lack of such agreement.

The answer to interrogatory No. 3 set the amount of damages. Ten jurors agreed thereto; jurors 3 and 11 did not concur. The answers to interrogatories No. 4 and No. 5, plaintiff's negligence and proximate cause, were unanimous. The answer to interrogatory No. 6, the percentage of plaintiff's negligence, was agreed to by 10 jurors; jurors 3 and 10 did not assent.

Thus, juror 3 did not agree with the amount of damages or with the percentage of plaintiff's negligence. Juror 10 agreed with the damages, but not the percentage of plaintiff's negligence. Juror 11 disagreed with the amount of damages, but concurred with the percentage of plaintiff's negligence. Consequently 10 jurors agreed on the amount of damages, and 10 jurors agreed on the percentage of plaintiff's negligence, but each was a different set of 10 (i.e., only 9 of the same jurors agreed with both the damage assessment and plaintiff's percentage of contributory negligence).

We must examine the instructions which directed the manner in which the jury was to answer the interrogatories.

---

[1]RCW 4.44.380 provides that:

"In all trials by juries of six in the superior court, except criminal trials, when five of the jurors agree upon a verdict, the verdict so agreed upon shall be signed by the foreman, and the verdict shall stand as the verdict of the whole jury, and have all the force and effect of a verdict agreed to by six jurors. In cases where the jury is twelve in number, a verdict reached by ten shall have the same force and effect as described above, and the same procedures shall be followed."

The 6 interrogatories were set forth in an instruction. The verdict instruction, in pertinent part, was as follows:

This being a civil case, ten of your number may agree upon a verdict. *When at least the same ten of you have so agreed upon the answers to the appropriate questions,* in order, fill in the answers to express the results of your determination. The foreman, whether or not he is *one of the ten,* will sign it . . .

(Italics ours.)

 Plaintiff took no exception to the verdict instruction. It became the law of the case and is not subject to challenge on appeal. *Adamson v. Traylor,* 60 Wn.2d 332, 337, 373 P.2d 961 (1962). Consequently the law of the case was that the same 10 jurors had to agree to the answers to the interrogatories. The defendants, in their motion for a new trial, alleged that the jury had reached an invalid verdict. Their supporting memorandum discussed the point with specificity. The answers to the interrogatories did not comply with the instruction, and they must be set aside.

Defendants urge alternate theories to set aside the verdict. They contend that answers to the interrogatories constitute in toto a general verdict to which the same 10 jurors must assent. We do not reach this question since the instruction to which no exception was taken by plaintiff is dispositive. In the appropriate case the issues raised by an interpretation of the statute, court rules, and Washington precedent will be necessary to determine if the court's verdict instruction here was correct. *See* RCW 4.44.380; CR 49; WPI 45.10.01; *Devoni v. Department of Labor & Indus.,* 36 Wn.2d 218, 217 P.2d 332 (1950); *Bullock v. Yakima Valley Transp. Co.,* 108 Wash. 413, 184 P. 641 (1919); *Johnson v. Mobile Crane Co.,* 1 Wn. App. 642, 463 P.2d 250 (1969), *review denied,* 77 Wn.2d 963 (1970).

We note that other jurisdictions are divided on this question. Some courts have held that the same jurors must agree on all issues. *See, e.g., Earl v. Times–Mirror Co.,* 185 Cal. 165, 196 P. 57 (1921); *Baxter v. Tankersley,* 416 S.W.2d 737 (Ky. 1967); *Shultz v. Monterey,* 232 Ore. 421,

424, 375 P.2d 829 (1962) ("the same nine jurors must agree on all issues determined by the verdict"); *McCauley v. International Trading Co.*, 268 Wis. 62, 70, 66 N.W.2d 633 (1954) (although questions independent, "the same 10 jurors must concur in the answers to all questions which are necessary to support a judgment").

Other courts, to varying degrees, allow split jury voting. *McChristian v. Hooten*, 245 Ark. 1045, 436 S.W.2d 844 (1969) (any nine may answer any factual issue in a special verdict); *Tillman v. Thomas*, 99 Idaho 569, 585 P.2d 1280 (1978); *Ward v. Weekes*, 107 N.J. Super. 351, 258 A.2d 379 (1969); *Naumburg v. Wagner*, 81 N.M. 242, 465 P.2d 521 (1970) (any ten sufficient to agree on any issue, provided that no juror has voted inconsistently). *See generally* Note, *Vote Distribution in Non–Unanimous Jury Verdicts*, 27 Wash. & Lee L. Rev. 360 (1970).

The question of defendants' liability has been affirmed by the Court of Appeals. Review was not granted on that issue. Therefore, the new trial is limited to a determination of plaintiff's recovery. *McCurdy v. Union Pac. R.R.*, 68 Wn.2d 457, 471, 413 P.2d 617 (1966).

Reversed and remanded for a new trial limited solely to the amount of plaintiff's recovery.

UTTER, C.J., and ROSELLINI, STAFFORD, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.