[No. 5805-7-II. Division Two. June 1, 1983.]

RICHARD L. BUTLER, as *Administrator, Respondent,*
v. THE STATE OF WASHINGTON, *Appellant.*

*Kenneth O. Eikenberry, Attorney General, Angelo R. Petruss, Senior Assistant,* and *Mary Ann Condon, Assistant,* for appellant.

*Frederick Noland,* for respondent.

WORSWICK, J.—If the validity of a verdict is attacked only because of the voting methods used in the jury room, does the poll of the jury in open court validate the verdict? We hold that it does.

This wrongful death action was submitted to the jury with instructions to render a verdict in the form of answers to several special interrogatories. Among the instructions was the following:

> Because this is a civil case, nine[1] of your number may agree upon the answer to a question. The same nine must agree to the answers to each question to constitute a verdict. When your verdict is completed, the foreman, even if not one of the nine, will sign it and advise the bailiff of your agreement.

After the foreman advised the court that a verdict had been reached and the jury had been brought into court, a poll was taken during which each juror was asked explicitly whether the answer to each interrogatory was his or her individual answer, and whether the answers were the answers of the jury. Ten jurors answered yes to both questions.

Respondent, plaintiff below, moved to vacate the verdict and for a new trial. The motions were supported by three juror affidavits which stated that the jury had voted by secret ballot. The affidavits were replete with details as to how the affiants voted, the inference being that the required number did not always vote the same on each question. However, respondent's primary contention on the motion was that, because the jury could not have known it had reached a verdict where its votes were by secret ballot, it did not reach a verdict at all. The trial court agreed and granted a new trial. We reverse.

Appellant, State of Washington, contends it was improper to impeach the verdict by going behind the poll. Respondent asserts that he did not impeach the verdict but merely demonstrated that no verdict had been reached. He contends that *Garcia v. Brulotte,* 94 Wn.2d 794, 620 P.2d 99 (1980) is dispositive. We disagree.

*Garcia* held a verdict partially invalid because the requisite number of jurors had not voted the same on the special

---

[1]Counsel stipulated to this number after 1 of the original 12 jurors was excused during trial.

interrogatories as they were instructed they must by the trial court. However, in *Garcia*, the deficiency *was disclosed in the jury poll but the trial court nevertheless accepted the verdict.*[2] *Garcia* did not deal with the effect of a poll which is later contended to be contrary to the voting in the jury room. The question here is whether, assuming a defective vote in the jury room, the poll itself is tantamount to a vote.

 It is axiomatic that jury verdicts are invested with a degree of sanctity and are not to be easily impugned (*see Cox v. Charles Wright Academy, Inc.*, 70 Wn.2d 173, 422 P.2d 515 (1967)), especially when they have become final. It is clear that a verdict is not final until it is accepted by the court. *State v. Robinson*, 84 Wn.2d 42, 523 P.2d 1192 (1974); *State v. Badda*, 68 Wn.2d 50, 411 P.2d 411 (1966); *Bino v. Veenhuizen*, 141 Wash. 18, 250 P. 450, 49 A.L.R. 1297 (1926). Indeed, it has been held that where a juror equivocated during the poll, the verdict was not final and the trial court properly sent the jury out to resume deliberations. *Coughlin v. Weeks*, 75 Wash. 568, 135 P. 649 (1913).

Three statutory provisions are instructive.[3] RCW 4.44-.390 provides:

Jury may be polled. When the verdict is returned into court either party may poll the jury, and if the number of jurors required for verdict answer that it is the verdict said verdict shall stand. In case the number of jurors required for verdict do not answer in the affirmative the jury shall be returned to the jury room for further deliberation.

RCW 4.44.400 provides:

Correction of informal verdict—Polling jury. When a verdict is given and before it is filed, the jury may be polled at the request of either party, for which purpose

---

[2]*See Garcia v. Brulotte*, 25 Wn. App. 818, 821, 609 P.2d 976, *rev'd*, 94 Wn.2d 794, 620 P.2d 99 (1980).

[3]RCW 4.44.390 and .400 may be duplications but the Legislature did not repeal .400 when enacting .390. *See* reviser's note to .400, 1981 Revised Code of Washington.

each shall be asked whether it is his verdict; if any juror answer in the negative the jury shall be sent out for further deliberation. If the verdict be informal or insufficient, it may be corrected by the jury under the advice of the court, or the jury may again be sent out.

RCW 4.44.460 provides:

Receiving verdict and discharging jury. When the verdict is given and is such as the court may receive, and if no juror disagrees or the jury be not again sent out, the clerk shall file the verdict. The verdict is then complete and the jury shall be discharged from the case. The verdict shall be in writing, and under the direction of the court shall be substantially entered in the journal as of the day's proceedings on which it was given.

It is apparent that these provisions prescribe the statutory method by which a trial court determines whether a final verdict has been rendered. In view of these provisions and the decisions holding that a verdict is not final until received by the court, it follows that the poll is tantamount to a final vote. Our short answer to respondent's contention is simply this: if the jurors did not know in the jury room whether they had reached a verdict—and therefore arguably had not—they did know when each heard the others answer the poll—and therefore they had reached a verdict at that point.

Reversed.[4]

PETRICH, C.J., and REED, J., concur.

Reconsideration denied June 29, 1983.

Review denied by Supreme Court September 2, 1983.

---

[4]Respondent urged a second ground in support of his motion below—that the jury improperly deliberated on the issue of damages—and discusses that issue in his brief. However, review of the record discloses that the trial court rejected that argument and respondent has assigned no error. The issue is not before us.