**Joyce REED, Plaintiff-Appellant,**

v.

**SALE MEMORIAL HOSPITAL AND CLINIC, a partnership composed of P.B. Anderson, Richard Betz, Robert F. Betz, G.W. Blankenship, J.R. Carter, W.D. Dabbs, Roy E. Kenney, H.C. Lentz, and B.C. Olive, et al., Defendants-Respondents.**

**No. 15045.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 18, 1987.

*Motion for Rehearing or Transfer Denied Dec. 10, 1987.*

Application to Transfer Denied Jan. 20, 1988.

L.H. Buehner, Buehner & Buehner, Joplin, for plaintiff-appellant.

John R. Sims, Ruyle & Sims, Ron Mitchell, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for defendants-respondents.

FLANIGAN, Judge.

Plaintiff Joyce Reed brought this action against defendants who are nine physicians doing business, as a partnership, under the firm name of Sale Memorial Hospital and Clinic. The petition alleged that plaintiff was wrongfully discharged from her employment by defendants, in violation of § 287.780 [1] of the Workers' Compensation Law which prohibits an employer from discharging any employee for exercising any of his rights under that Law and gives a civil action for damages to an employee so discharged. The petition sought actual and punitive damages. The amount of punitive damages sought from defendant Blankenship exceeded the amount of punitive damages sought from the other defendants.

The jury's verdict, signed by nine jurors, awarded plaintiff $20,000 for actual damages against all defendants but denied punitive damages with respect to each defendant. Plaintiff appeals.

In general plaintiff contends that the submission to the jury of the verdict form, MAI 36.12 (1980 Rev.), had the effect of depriving her of a fair trial and of depriving her of her right to trial by jury. Plaintiff does not claim that the trial court erred in any of its actions or rulings. Indeed the general tenor of plaintiff's brief is that the trial court did what it was required to do and that it had no option to do otherwise. The record does not contain, prior to the filing of plaintiff's motion for new trial, any complaint by plaintiff with regard to the verdict form or any request by plaintiff that the trial court take any step or make any ruling with respect to the verdict form. On this appeal, as in her motion for new trial, plaintiff seeks to challenge MAI 36.12 (1980 Rev.) itself, the verdict form.

Among the instructions given to the jury was Instruction 8, MAI 2.04 (1981 Rev.), which reads as follows:

"INSTRUCTION NO. 8

The verdict form included in these instructions contains directions for completion and will allow you to return the permissible verdict in this case. Nine or more of you must agree in order to return any verdict. A verdict must be signed by each juror who agrees to it."

This appeal arises out of an incident which occurred after the case was submitted to the jury. It was so submitted at approximately 1:15 p.m. At approximately

---

**1.** All references to statutes are to RSMo 1986, V.A.M.S., and all references to rules are to Missouri Rules of Court, V.A.M.R.

4:15 p.m. the trial court received from the jury a note, marked Exhibit A, which reads as follows:

### "EXHIBIT A

Can we decide on plaintiff vs. defendant separate?

Can we decide on actual damages separate?

Can we decide on each punitive damages separate?

Because all issues being decided as one issue rather than 3 separate issues, we do not agree."

The court responded to the note by giving Instruction 9 which reads:

### "INSTRUCTION NO. 9

LADIES AND GENTLEMEN: The law requires the court to instruct the jury in writing at the conclusions (sic) of the case. The court's instructions 1 through 8 contain all the law which you require for reaching a verdict. I am unable to give you further instructions. Please return to the jury room, review the court's instructions, and see whether you are able to reach a verdict."

Approximately 30 minutes later the jury returned Verdict A, a printed form, based on MAI 36.12 (1980 Rev.), the underlined portions of which had been filled in by the jury and which was signed by nine jurors. Verdict A reads:

### "VERDICT A

Note: Complete this form by writing in the names required by your verdict.

On the claim of plaintiff Joyce Reed for discharge against defendants G. W. Blankenship, H. C. Lentz, P. B. Anderson, Richard Betz, Robert F. Betz, J. R. Carter, W. D. Dabbs, Roy E. Kenney, and G. C. Olive, we, the undersigned jurors, find in favor of:

<u>Plaintiff Joyce Reed</u>

(Plaintiff Joyce Reed)     or     (Defendants G. W. Blankenship, H. C. Lentz, P. B. Anderson, Richard Betz, Robert F. Betz, J. R. Carter, W. D. Dabbs, Roy E. Kenney and G. C. Olive)

Note: Complete the following paragraph only if the above finding is in favor of plaintiff Joyce Reed.

We, the undersigned jurors, assess the damages of plaintiff Joyce Reed as follows:

For actual damages <u>$20,000.00 (Twenty Thousand Dollars)</u> (Stating the amount).

For punitive damages against defendant G. W. Blankenship
$ <u>None</u> (Stating the amount or, if none, write the word 'none.')

For punitive damages against defendant H. C. Lentz
$ <u>None</u> (Stating the amount or, if none, write the word 'none.')

For punitive damages against defendant P. B. Anderson
$ <u>None</u> (Stating the amount or, if none, write the word 'none.')

For punitive damages against defendant Richard Betz
$ <u>None</u> (Stating the amount or, if none, write the word 'none.')

For punitive damages against defendant Robert F. Betz
$ <u>None</u> (Stating the amount or, if none, write the word 'none.')

For punitive damages against defendant J. R. Carter
$ <u>None</u> (Stating the amount or, if none, write the word 'none.')

For punitive damages against defendant W. D. Dabbs
$ <u>None</u> (Stating the amount or, if none, write the word 'none.')

For punitive damages against defendant Roy E. Kenney
$ <u>None</u> (Stating the amount or, if none, write the word 'none.')

For punitive damages against defendant G. C. Olive

$ <u>None</u> (Stating the amount or, if none, write the word 'none.')

Note: All jurors who agree to the above findings must sign below.

| | |
|---|---|
| /s/ Marietta Banta | /s/ Edward E. Jeffreys |
| /s/ Retha Jones | /s/ Lonnie Hagins |
| /s/ Jeanie Hughey | /s/ Ruth Wilkins |
| /s/ Betty Ringenberg | |
| /s/ Laura Vanhooser | |
| /s/ Joan Clayton | " |

Rule 84.04 prescribes the contents of an appellant's brief. Rule 84.04(d) requires that the "Points Relied On" state briefly and concisely what actions or rulings of the court are sought to be reviewed "and wherein and why they are claimed to be erroneous." Plaintiff's point does not meet that requirement, as she candidly concedes. Under the unusual circumstances here this court, as it is authorized to do by Rule 84.08(a), excuses plaintiff's failure to comply with Rule 84.04(d).

Plaintiff's point is that she was deprived of a fair trial and of her constitutional right to a jury trial because the use of Verdict A, mandated by MAI 36.12 (1980 Rev.), confused the jury in regard to voting on the multiple findings required by Verdict A; that Instruction 9, "although the only additional instruction Rule 70.02(b) permitted the trial judge to give," did not respond to the jury's questions contained in Exhibit A; that Verdict A violated Article I, Section 22(a) of the Missouri Constitution because it required at least *the same 9* members of the jury to agree to 11 different findings in order to return one verdict "when *any 9 members* of the jury should have been allowed to return a separate verdict for each finding even if they be a different 9 on each finding"; that Verdict A prohibited a juror from signing it if he did not agree to the findings on *all* of the issues and required a juror to agree to findings in which he did not join in order to participate in the verdict.

In other jurisdictions, where a verdict in a civil case may be returned by a majority but less than all of the jurors (frequently 9 or 10 jurors out of a jury of 12), the courts have dealt with the question of whether a valid verdict requires the assent of the *same* 9 (or, as the case may be, 10) jurors with respect to *all* issues or whether it is sufficient that *any* 9 jurors agree with respect to *each* of the issues. There is a conflict in authority on the question.

Against varying constitutional and statutory backgrounds, some jurisdictions have held that the *identical jurors*, in the required number, must agree upon all issues encompassed within the verdict and that there is no valid verdict otherwise. *Baxter v. Tankersley*, 416 S.W.2d 737 (Ky.App. 1967); *Klanseck v. Anderson Sales & Service, Inc.*, 136 Mich.App. 75, 356 N.W.2d 275 (1984); *Ferguson v. Northern States Power Co.*, 307 Minn. 26, 239 N.W.2d 190 (1976); *Plaster v. Akron Union Passenger Depot Co.*, 101 Ohio App. 27, 137 N.E.2d 624 (1955); *Clark v. Strain*, 212 Or. 357, 319 P.2d 940 (1958); *McCauley v. Charter Oak Fire Ins. Co.*, 660 S.W.2d 863 (Tex. App.1983); *Hupf v. State Farm Mutual Ins. Co.*, 12 Wis.2d 176, 107 N.W.2d 185 (1961). These jurisdictions follow what may be called the "same 9 rule."

On the other hand, other jurisdictions have held that the verdict is proper if the *required number* of jurors agree with respect to *each* issue, and that it is not necessary that the *same* jurors agree on all issues. *McChristian v. Hooten*, 245 Ark. 1045, 436 S.W.2d 844 (1969); *Juarez v. Superior Court of Los Angeles Cty.*, 31 Cal.3d 759, 183 Cal.Rptr. 852, 647 P.2d 128 (1982); *Tillman v. Thomas*, 99 Idaho 569, 585 P.2d 1280 (1978); *Ward v. Weekes*, 107 N.J.Super. 351, 258 A.2d 379 (1969); *Naumburg v. Wagner*, 81 N.M. 242, 465 P.2d 521 (App.1970); *Schabe v. Hampton Bays Union Free Sch. Dist.*, 103 A.D.2d 418, 480 N.Y.S.2d 328 (2 Dept.1984); *Fields v. Volkswagen of America, Inc.*, 555 P.2d 48 (Okla.1976); *Bullock v. Yakima Valley*

*Transp. Co.,* 108 Wash. 413, 184 P. 641 (1920). These jurisdictions follow what may be called the "any 9 rule."

Arguments in favor of the "any 9 rule" include the following: A verdict is a single final decision of a jury on all the factual issues submitted to it. Constitutions or statutes permitting the return of a verdict by 9 or 10 jurors usually do not specifically require that each issue be decided by at least the same 9 jurors, and if such had been their intent they would have so provided. *Ward v. Weekes,* supra, 258 A.2d at 380. If it should be determined that at least the same 9 jurors must agree on all issues to have a valid verdict, it would be necessary to so instruct the jury. *Id.* 258 A.2d at 381. If two jurors dissent on the liability issue, must they leave the room or at least not participate in resolving any other issues, such as damages? *Id.* 258 A.2d at 381. The very purpose of allowing a three-fourths or five-sixths verdict is to remove the effect of one or two or three recalcitrant or dishonest jurors holding out, to reduce the number of mistrials and to avoid delay. *Id.* 258 A.2d at 381. The "any 9 rule" overcomes minor disagreements that resulted in "hung" juries where unanimity was required. *Maunburg v. Wagner,* supra, 465 P.2d at 524. Although a juror disagrees with respect to one issue, he should not be precluded from participating in the resolution of other issues. *Fields v. Volkswagen of America, Inc.,* supra, at 55–56. The "same 9 rule" is a "mechanistic rule that needlessly increases the likelihood of costly mistrials." *Tillman v. Thomas,* supra, 585 P.2d at 1283. The "same 9 rule" "tends to alter a fundamental premise of the jury system, that all members of the jury panel partake meaningfully in disposition of the case." Under the "same 9 rule" "the casting of a dissenting voice on any questions reduces the dissenter's influence to a state of practical impotence and creates a mandate for continued unanimity among the other jurors on the remaining questions if the verdict is to survive." *Schabe v. Hampton Bays Union Free Sch. Dist.,* supra, 480 N.Y.S.2d at 333.

Plaintiff argues that the "any 9 rule" is the sounder rule and that Verdict A deprived her of its benefit. She argues that Verdict A implements the "same 9 rule."

Neither side has cited a Missouri case specifically deciding, in a single verdict case, whether Missouri adheres to the "any 9 rule" or to the "same 9 rule." It has been held that a tort defendant, charged with multiple assignments of negligence, is not entitled to a jury instruction that it is necessary for 9 jurors to concur as to at least one of the assignments before they can find for plaintiff. *Schroeder v. St. Louis Transit Co.,* 111 Mo.App. 67, 85 S.W. 968, 972[11] (1904); *Wacker v. St. Louis Transit Co.,* 108 Mo.App. 645, 84 S.W. 138, 139–140[3] (1904); *Holden v. Missouri R. Co.,* 108 Mo.App. 665, 84 S.W. 133, 137–138[7] (1904). The theme of those cases is that plaintiff is entitled to recover if 9 jurors agree that the negligence of defendant caused plaintiff's injuries, even though no single assignment of negligence receives the support of 9 jurors.

In *Powell v. Norman Lines, Inc.,* 674 S.W.2d 191 (Mo.App.1984), the jury returned two verdict forms, one finding both of the defendants negligent and the other apportioning fault between the two defendants. Two of the 10 jurors who signed the first verdict form were not among the 9 jurors who signed the second verdict form. Citing with approval several of the out-state cases cited above which follow the "any 9 rule," the court of appeals held, at p. 199, that "if 9 jurors find a party negligent, then any 9 jurors may vote to apportion fault." Unlike *Powell,* the case at bar involves only one verdict form. In *Powell* there was no claim that the verdict forms themselves were erroneous.

"In every issue for the recovery of money only, ... the jury shall return a general verdict." Rule 71.02. A general verdict is one by which the jury pronounces generally upon all or any of the issues, whether in favor of plaintiff or defendant. Rule 71.01. In Missouri a civil jury consists of 12 persons and "three-fourths or more of the jurors concurring may return a verdict, which shall have the same force and effect as though rendered by the entire panel." § 494.210.

At no time prior to the filing of her motion for new trial did plaintiff voice any objection to Verdict A. She made no objection when the form, Verdict A, was first presented to the jury, or when the jury sent in the note, (Exhibit A), or when Verdict A, filled in and signed by the 9 jurors, was returned to the court and judgment was entered on it. Such failures constituted a waiver of any objection to the form of Verdict A. *Quinn v. St. Louis Public Service Company*, 318 S.W.2d 316, 320[5] (Mo.1958); *Potts v. Pennco Inc.*, 708 S.W.2d 222, 225[4,5] (Mo.App.1986); *Turley Martin Co. v. American Can Co.*, 661 S.W.2d 79 (Mo.App.1983).

A verdict form is not an instruction, *Potts v. Pennco, Inc.*, supra, at 225; *Turley Martin Co. v. American Can Co.*, supra, at 82; MAI 3d 36.12 (Comment 4), and thus is not within the language of Rule 78.07 which reads, in pertinent part: "Any specific objections to instructions which were not made at the trial before submission to the jury, must be set forth in the motion for new trial to preserve the error for review."

In *Maxam v. Dillon*, 674 S.W.2d 258 (Mo.App.1984), during jury deliberations, the foreman sent a note to the judge reading: "Must we vote on instruction 8, instruction 9 and instruction 10 individually or may we vote on only one of the above reaching at least a 9–3 decision?" Instructions 8 and 9 were the verdict-directors of the two plaintiffs and Instruction 10 was defendants' affirmative defense instruction. With the agreement of both attorneys, the judge gave this reply to the note: "You need not vote on individual Instructions only on the verdicts. Nine or more of you must agree in order to return any verdict."

The jury returned a verdict in favor of the defendants and plaintiffs appealed. Plaintiffs claimed that the trial court erred in making any reply to the jury note. The court of appeals stated that the general rule was that no communication whatever should take place between the court and the jury, after the cause has been submitted to them, unless in open court and, where practical, in the presence of the attorneys in said cause. The court pointed out, however, that plaintiffs' counsel consented to the judge's reply and that the record showed that the judge would not have sent the reply if either attorney had objected. Further, the court held that plaintiffs' counsel did not object to the court's receiving the verdict or entering judgment thereon. That conduct was held to be "a waiver of the irregularity." The court said, at 260: "A party cannot witness misconduct on the part of the verdict (sic), and then, if it proves to be against him, object to the alleged misconduct."

Plaintiff concedes that the use of Verdict A was required by MAI 36.12 (1980 Rev.). See Supreme Court of Missouri Order of May 12, 1981, MAI 3d p. XXI. Although plaintiff argues that the jury note, Exhibit A, demonstrates that a different verdict would have been reached if Verdict A specifically contained the "any 9 rule," that is only conjecture. This court realizes that plaintiff could not adduce any evidence in support of her argument through the testimony of any juror at the motion for new trial hearing because a juror may not impeach his verdict, *Smugala v. Campana*, 404 S.W.2d 713, 717 (Mo.1966), and this is true whether the juror concurred in or dissented from the verdict. *Romandel v. Kansas City Public Service Co.*, 254 S.W.2d 585 (Mo.1953).

If Missouri adheres to the "any 9 rule," an issue which need not be and is not decided, Verdict A, even if construed with Instruction 9 to implement the "same 9 rule," may well have been as harmful to defendants as to plaintiff. If plaintiff's argument is accepted, it would also be true that a juror wishing to exonerate defendant Dabbs only would have to abandon his position unless he was willing to exonerate the other eight defendants also.

If Exhibit A created a problem with, or disclosed an insufficiency in, Verdict A, it was incumbent upon plaintiff at that time to request appropriate action from the trial court. She did not have the option of remaining silent and gambling upon a favorable verdict and then complaining if the verdict, or a portion of it, proved unfavorable.

"Constitutional issues must be raised at the earliest opportunity and preserved." *Jerry-Russell Bliss v. Hazardous Waste,* 702 S.W.2d 77, 80 (Mo. banc 1985). Plaintiff's attempt to raise the constitutional issue in her motion for new trial came too late.

Exhibit A was not a verdict. As pointed out in *State ex rel. Vogel v. Campbell,* 505 S.W.2d 54, 57 (Mo. banc 1974), a verdict is the *final* decision of a jury and before a jury decision is considered final and to be a verdict, it must be submitted to the court, accepted by it, assented to by the jury, and recorded by the court.

The fact is that this jury, through the vote of nine of its members, did reach a verdict and that verdict is on Verdict A. It is not known whether that verdict was the product of deliberations preceding the sending in of the jury note, or deliberations following receipt of Instruction 9, or both. There is no way for this court, or any court, to determine what effect, if any, a clarification of Verdict A would have had upon the verdict itself.

This court holds that plaintiff, by failing to object to the verdict form prior to the filing of her motion for new trial, waived any objection as to its contents. This court will not reverse any judgment "unless it finds that error was committed by the trial court against the appellant materially affecting the merits of the action." Rule 84.13(b). The record does not support such a finding. Further, this court finds no plain error within the meaning of Rule 84.13(c) because there is no showing "that manifest injustice or miscarriage of justice has resulted" from the trial court's use of Verdict A.

The judgment is affirmed.

PREWITT, P.J., concurs.

HOGAN, J., concurs.

MAUS, J., not participating.