# Roth, Appellant, *v.* East Connellsville Coke Company.

*Practice, C. P.—Court and jury—Mandamus—Trials—Verdicts —Power of court—Province of jury.*

1. A verdict is the decision of a jury reported to the court on matter submitted to them in a trial. It is their act and within their exclusive province. A judge cannot render a verdict.

2. On the trial of a mandamus, wherein the issue was raised by the plaintiff's traverse of the defendant's return to an alternative writ, after the introduction of plaintiff's and defendant's evidence, the trial judge, at his own instance, withdrew a juror and continued the case and dismissed the petition. Ten months later he, by order filed, directed a verdict in favor of the defendants nunc pro tunc as of the date of the trial, and ordered judgment to be entered thereon. *Held,* that such order was irregular and void.

Argued April 13, 1913. Appeal, No. 354, Jan. T., 1912, by plaintiff, from judgment of C. P. Fayette Co., March T., 1910, No. 157, on verdict for defendants by direction on mandamus in case of George Roth v. East Connellsville Coke Company, a corporation, Braddock Trust Company, administrator of A. S. Braznell, deceased, C. W. Braznell, secretary of said East Connellsville Coke Company, J. K. Aikins, J. D. Boyd and Francis Rocks. Before FELL, C. J., BROWN, MESTREZAT, POTTER and ELKIN, JJ. Reversed.

Mandamus to compel defendant coke company to issue stock certificates to plaintiff, and to allow him access to its books and accounts. Before UMBEL, P. J.

The opinion of the Supreme Court states the facts.

The defendants denied that plaintiff was a stockholder in the coke company, and the case went to trial on this issue. During the trial, the court withdrew a juror and continued the case; and several months later it directed a verdict in favor of the defendants nunc pro tunc as of

the date of the trial, and ordered judgment to be entered thereon. Plaintiff appealed.

*Error assigned,* among others, was the order of the court.

*D. W. M'Donald,* with him *James R. Cray,* for appellant.

*S. Ray Shelby,* with him *William E. Crow* and *W. J. Sturgis,* for appellee.

OPINION BY MR. CHIEF JUSTICE FELL, June 27, 1913:

The issue in the Common Pleas was raised by the plaintiff's traverse of the defendants' returns to an alternative writ of mandamus requiring them to issue to the plaintiff certificates of stock of one of the defendants, a corporation, and to give him access to its books and accounts. The question at the trial was whether the plaintiff was a stockholder. No verdict was rendered by the jury. After the introduction of the plaintiff's evidence tending to establish his claim and of the defendants' evidence in denial thereof, the trial judge at his own instance withdrew a juror and continued the case and dismissed the petition. This was done January 13, 1912. On October 15, 1912, he, by order filed, directed a verdict in favor of the defendants nunc pro tunc as of January 13, and ordered judgment to be entered thereon.

At the trial it was within the power of the judge to have entered a nonsuit or to have directed the jury to render a verdict for the defendants, but this was the extent of his power over the proceedings. A verdict is the decision of a jury reported to the court on matters submitted to them on a trial. It is their act and is within their exclusive province. A judge cannot render a verdict and when the order of October 15 was filed, ten months after the trial, there was no jury to render one. The proceedings at the trial were regular and author-

ized up to and including the withdrawal of a juror and the continuance of the case. All that followed this was irregular and is void.

The judgment is reversed with a procedendo.