## Fudge v. Scholl et al.   No. 1

*William R. Toal,* for plaintiff;   *Reilly & Pearce,* for defendants.

MACDADE, J., June 25, 1934.—This was a sheriff's interpleader to determine the title to certain personal property levied upon on a writ of fi. fa. as the property of Clarence E. Fox, one of the defendants, he owing a debt to William J.

Scholl, which had been reduced to judgment and upon which the said writ had issued.

In a full, impartial, and adequate charge to the jury, the court fairly reviewed the testimony adduced by all the parties and recited the law properly applicable thereto, and the jury returned a verdict for the claimant plaintiff for all the personal property levied upon and returned by the sheriff upon the said writ.

The defendant (execution creditor) now disapproves of the verdict by requesting a new trial and judgment n. o. v., as we presently understand the record.

A summary of the reasons therefor and of the record of the trial raises for our consideration only two questions, namely:

1. Was the defendant (execution creditor) entitled to binding instructions upon the record as made up at the trial upon the ground of fraud?

2. Did the jury err in awarding the claimant's attorney a fee for professional services?

1. Under the competent, relevant evidence, it appeared that the claimant, to whom the defendant (execution debtor) was largely indebted—and the bona fides of the debt was undoubted—purchased through an agent the office effects of the defendant Fox at a sheriff's sale, lawfully and regularly conducted by public vendue; that she thereafter leased the same property to the said Fox (several months' rent being paid) without physically removing the same from the premises after the goods were delivered to her by the sheriff. Fox was a realty broker and maintained an office where the goods were levied upon and subsequently sold.

We charged the jury that this state of proven facts did not raise a presumption of fraud—distinguishing it from a private sale and delivery. In other words, no presumption of fraud arises from the fact that the purchaser of personal property at a sheriff's sale leaves the same in the possession of the execution defendant.

We are supported in this legal proposition by the following cases: Hare v. Niedle et ux., 26 Pitts. (O. S.) 36; Sharp v. Congregational Publishing Co., 2 Pa. C. C. 620; Snyder, etc., v. Boring et al., 4 Pa. Superior Ct. 196; Miller et al. v. Irvine, 94 Pa. 405; Dick v. Cooper, 24 Pa. 217; Craig's Administrator's Appeal, 77 Pa. 448; Maynes v. Atwater, 88 Pa. 496. As there was no evidence of any fraudulent understanding before the sale that defendant on execution might purchase upon paying the amount of the judgment, the goods could not be regarded as defendant's property: Bisbing v. The Third National Bank, 93 Pa. 79; Rohland v. Rooke, 127 Pa. 139, 8 P. & L. Dig. Dec. 12709.

It was entirely a jury question, and we told them in unequivocal language that if made in good faith it was valid; if not, the verdict should be to the contrary.

We clearly stated also that they should determine (a) the object of the sale and (b) the arrangement by which the goods remained with defendant on execution. We explained the difference between an arrangement before and an arrangement after the sale. See Bisbing v. The Third National Bank, 93 Pa. 79, which holds: "Where the plaintiff in an execution, in good faith sells the personal property of the defendant in order to protect himself and acquire a good title to the property, he may leave the goods in the possession of the defendant without thereby making them subject to the latter's debts. A change of possession is not necessary to give validity to a judicial sale.

"Goods were thus left, after a sale, with the defendant in an execution, with

the understanding that they might be repurchased upon payment of the amount of the judgment. There was no evidence of any fraudulent understanding prior to the sale. *Held*, that they could not be seized in execution and sold by a subsequent judgment-creditor."

This would seem to dispose of the motion for judgment n. o. v.

2. The execution defendant questions the authority of the jury to award the claimant a counsel fee, which was in the sum of $75 and recorded as part of the verdict of the jury, after we had instructed the jury to find a fair and reasonable counsel fee under the Act of June 22, 1931, P. L. 883, sec. 13.

By the Act of May 26, 1897, P. L. 95, sec. 13 (repealed by the Act of 1931), it is provided that "If upon the trial of said [interpleader] issue the title to said goods and chattels be found not to be in the claimant, he shall pay all the costs of said proceeding, including the allowance of a fee to counsel for the plaintiff in the execution or process as shall be fixed by the court". Here the fee is included with the costs.

Section 14 of the act provides that "all the costs of the proceedings shall follow the judgment and be paid by the losing party as in other cases."

There is no provision made in this act for an attorney's fee where the claimant is successful: Eby et al. v. Rutter, 22 Dist. R. 514.

By the Act of June 22, 1931, P. L. 883, sec. 13, it is provided: "If upon the trials of said issue the title to said goods and chattels be found not to be in the claimant, he shall pay all the costs of said proceeding, including the allowance of a fee to counsel for the plaintiff in the execution or process as shall be fixed by the court. . . ."

It will be noted that this is in the exact wording of the Act of 1897. The Act of 1931, in section 13, changes the Act of 1897 by taking care of the claimant's attorney fee, including it with the damages in the verdict and judgment when claimant is successful, by providing, "If upon the trials of said issue the title to said goods and chattels be found in the claimant, a verdict and judgment may be entered against the plaintiffs in the executions or processes for the damages suffered by the claimant by reason of the levies or attachments on same, including the allowance of a counsel fee to be fixed by the court". This is emphasized by the first part of this section where, if the title to the goods be not found in the claimant, the counsel fee shall be included in the costs—not in the verdict and also in that part of the first paragraph of this section where the chattels have been taken by the claimant, and the title be not found in him, a verdict and judgment for the value of the goods shall be entered against the claimant, leaving it to the court to fix the counsel fee as part of the costs, but not as a part of the verdict: Dittie v. Northern Liberties Finance Co., 23 Del. Co. 59.

In the entry of judgment on a note with warrant of attorney, the attorney's fee belongs to the plaintiff where the note provides that judgment may be entered, with costs of suit and attorney's commission of 5 percent for collection and must be included in the judgment to be payable: Mahoning County Bank's Appeal, 32 Pa. 158; Moore's Appeal, 110 Pa. 433; Galligan v. Heath et al., 260 Pa. 457; Faulkner et al. v. Wilson, 3 W. N. C. 339; Schmidt & Friday's Appeal, 82 Pa. 524. The language in the act relating to counsel fees is very similar to that in the judgment note.

The verdict herein carries a counsel fee, which we approve in amount as fair and reasonable, and is the counsel fee which the Act of 1931 contemplates must be included with the damages, if any, or as a part of the verdict and be fixed in amount by the court.

We have the power in any event to mold a verdict to carry out the plain intention of the jury, and we recorded this verdict as damages thus allowed as a counsel fee: Roth v. East Connellsville Coke Co., 242 Pa. 23. See also Clouser v. Patterson, 122 Pa. 372; Thompson, for use, v. Emerald Oil Co., 279 Pa. 321.

Hence the motion by the execution defendant for a new trial must be dismissed.

### Order

And now, June 25, 1934, the above matters of motions upon the part of the execution defendant (William J. Scholl) for a new trial and for judgment n. o. v. coming on to be heard by the court in banc, upon oral argument, after due consideration thereof, the court doth order and decree that

1. The execution defendant's motion for a new trial be and is hereby dismissed.

2. The execution defendant's motion for judgment n. o. v. be and is hereby discharged.

3. The counsel fee herein awarded to the claimant and plaintiff by the jury in the sum of $75 is fair and reasonable and approved by this court.

4. The prothonotary be and is hereby ordered and directed to enter judgment upon the verdict in favor of Helen G. Fudge, the claimant and plaintiff, and against the execution defendant, William J. Scholl, sec. reg. et sec. leg.