Argued April 6, affirmed May 11, 1966

# MUNGER *v.* STATE INDUSTRIAL ACCI-DENT COMMISSION

414 P. 2d 328

*Clifford B. Olsen,* Portland, argued the cause for appellant. On the brief were Franklin, Olsen, Bennett & Des Brisay, Portland

*O. E. McAdams, Jr.,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, Salem, and Wallace Carpenter and John R. McCulloch, Jr., Assistant Attorneys General, Salem.

Before McAllister, Chief Justice, and Perry, Denecke, Holman and Schwab, Justices.

SCHWAB, J. (Pro Tempore).

Plaintiff appealed to the circuit court from an order of the defendant State Industrial Accident Commission denying plaintiff's petition for increased compensation on account of aggravation of an injury. He appeals to this court from judgment entered on a jury verdict. The issue on appeal is: Must the minimum legal number of jurors required for a valid verdict, be it special or general,[1] be the same jurors voting similarly on each separate issue demanding resolution?

After it was instructed, the jury retired with a jury form which contained three questions:

"QUESTION 1: Has plaintiff's condition proximately resulting from his accidental injury of June 7, 1961 become aggravated since December 9, 1963?

---

[1] ORS. 17.405. "The verdict of a jury is either general or special. A general verdict is that by which the jury pronounce generally upon all or any of the issues, either in favor of the plaintiff of defendant. A special verdict is that by which the jury find the facts only, leaving the judgment to the court."

"ANSWER: ........... (Yes or No)
(If your answer to the foregoing question is "no" then you will proceed no further, but if your answer to the foregoing question is "yes", then you will proceed to answer Question No. 2)

"QUESTION 2: Is plaintiff permanently and totally disabled as a direct and proximate result of his accidental injury of June 7, 1961?

"ANSWER: ........... (Yes or No)
(If you answer the foregoing question "yes", then you will proceed no further, but if you answer the foregoing question "no", then you will proceed to answer Question No. 3)

"QUESTION 3: What is the extent of plaintiff's permanent partial disability for unscheduled disabilities proximately resulting from his accidental injury of June 7, 1961?

"ANSWER: ...........% loss of use of one arm. (Your answer cannot be less than 35% nor more than 100%).

"Dated this ............... day of September, 1965."

The jury first answered the three questions put to it as follows: Question 1: Yes. Question 2: No. Question 3: 70%. The jury was polled and the court refused to receive the verdict when the poll showed that the nine jurors who had answered Question 1 "yes" were not the same nine who had voted for the answer inserted in response to Question 3.

The jury was returned to the jury room with a new verdict form. Thereafter the jury returned a second verdict in which they gave the same answers to Ques-

tions 1 and 2 but gave 50% as the answer to Question 3. The jury was again polled and it was determined that the same nine jurors that answered affirmatively to Question 1 had also voted for the disability percentage inserted in Question 3. This verdict was received by the court and upon it the court subsequently entered its judgment. Plaintiff contends that the court erred in refusing to receive the verdict first returned by the jury in the above cause.

■ Two jurors who disagreed with the majority's view that the injury had become aggravated agreed with seven other jurors that the disability was equivalent to 70% loss function of an arm. Yet an order was made by the commission on December 9, 1963, awarding Munger for a disability equivalent to 35% loss function of an arm. No appeal having been taken from that order, it is conclusive as to the disability on that date. *Grunnett v. State Ind. Acc. Com.*, 108 Or 178, 184, 215 P 881. The conclusion of the two jurors was therefore inconsistent.

The Oregon Constitution provides that, "in civil cases three-fourths of the jury may render a verdict." Art. VII, § 5. In construing this provision of the constitution, we held in *Clark v. Strain et al*, 212 Or 357, 364, 319 P2d 940:

"* * * [T]he minimum legal number of jurors required for a valid verdict must be the same jurors voting similarly on each separate issue demanding resolution."

This court interpreted the same section of the constitution again in the case of *Shultz v. Monterey*, 232 Or 421, 424, 375 P2d 829, saying:

"Article VII, § 5 of the Oregon Constitution requires the concurrence of three-fourths of the jury to render a verdict in civil cases. This means

that not less than nine jurors must agree to the verdict and the same nine jurors must agree on all issues determined by the verdict. *Clark* v. *Strain et al,* 212 Or 357, 364, 319 P.2d 940 (1958); *Freeman v. Wentworth & Irwin, Inc.,* 139 Or. 1, 15, 7 P.2d 796 (1932). The poll of the jury in the case at bar revealed that only eight jurors agreed to the verdict, while four of the jurors disagreed as to one or more of the issues determined thereby. Under those circumstances the verdict was invalid and should not have been received. The jury should have been sent out for further deliberation. ORS 17.355 (2)."

The appellant claims that since both decisions cited above dealt with "general" rather than "special" verdicts, they are not controlling in the case at bar.

■ ORS 656.290 (1), the code provision that governed appeals to the circuit court in Workmen's Compensation cases, provided® as follows:

"If the court determines that the commission has acted within its power and has correctly construed the law and facts, the decision of the commission shall be confirmed; otherwise, it shall be reversed or modified. However, in case of any trial of fact by a jury, the court shall be bound by the decision of the jury as to the question of fact submitted to it."

That section has been construed to mean that this type of action is in the nature of a special proceeding with the verdict of the jury corresponding to a special verdict of the jury in other law actions. *Paul et al v. Industrial Acc. Com.,* 127 Or 599, 610, 272 P 267, 273 P 337.

An integrated verdict of the type presented here— one in which the answer to a question is dependent on

---

® ORS 656.290 was repealed by Oregon Laws 1965, ch 285 § 95.

the answer to a previous question and both are necessary to the determination of the final verdict—does not differ in principle from a general verdict. Concerning special verdicts, this court has stated:

> "It is a general rule that a special verdict must state all the facts essential to a recovery, and that nothing can be supplied by intendment: 2 Thompson on Trials (1 ed) § 2651. *As to construction, a special verdict,* like other instruments of writing, *must be taken as a whole,* and all material facts which it finds must be considered together." *Abraham v. Mack et al,* 130 Or 32, 40, 273 P 711, 278 P 972. (Emphasis supplied.)

■ Only four jurisdictions have considered this question. All but one have declared that the minimum legal number of jurors required must be the same jurors voting similarly on each question.

In *Plaster v. Akron Union Depot Co.,* 101 Ohio App 27, 137 NE2d 624, the same nine jurors who signed a special interrogatory finding the defendant guilty of negligence did not sign the general verdict. The Ohio court stated:

> "In such a situation as is here present, the requisite number of jurors must agree upon all questions necessary to sustain the judgment; and, when there is no such agreement, the trial court should again send the jury to the jury room to deliberate further for the purpose of having such jury return a proper and consistent verdict." 101 Ohio App at 33, 137 NE2d at 628.

Wisconsin has a statute, § 270.25 (1), which provides in part that "if more than one question must be answered to arrive at a verdict on the same cause of action, the same five-sixths of the jurors must agree on all such questions." Wisconsin courts have interpreted the section to require that to have a good ver-

dict the same jurors must concur in the answer to all questions which are necessary to support a judgment. E.g., *Christensen v. Schwartz,* 198 Wis 222, 222 NW 231, 223 NW 839 (1928); *Hupf v. State Farm Mut. Ins. Co.,* 12 Wis2d 176, 107 NW2d 185 (1961).

In a similar case, a California court commented on the Wisconsin rule:

"* * * The reasoning upon which the above doctrine is based is obviously sound, and there would appear to be no sufficient legal ground upon which its rejection here could reasonably be justified." *Nelson v. Superior Court,* 26 Cal App2d 119, 122, 78 P2d 1037, 1038.

Our attention has been directed to only one jurisdiction in which a contrary rule has been established. The court in *Bullock v. Yakima Valley Transp. Co.,* 108 Wash 413, 184 P 641, 187 P 410 (1919) upheld a trial court's instruction that any ten of the jury could answer any one of the interrogatories. The question was given little discussion and no authorities were cited. This was an early decision. It is noted and the result rejected in each of the jurisdictions that has ruled on the question.

Our decisions supra on general verdicts contain no language limiting the rule to general verdicts only. The reasons for requiring a general verdict to be consistent are equally valid as to special verdicts in which answers to more than one question are necessary to establish liability. *Clark v. Strain et al,* 212 Or 357, supra, cites with approval the Wisconsin case of *Christenson v. Peterson,* supra, in which the Wisconsin court stated:

"* * * Had the case been submitted on a general verdict the jury would not have rendered a verdict, because ten members of the jury did not

agree upon the facts essential to establish appellant's liability. The fact that the case is submitted on a special verdict does not deprive the appellant of his right to have all facts essential to fix his liability determined by the same ten jurors." 198 Wis at 225, 223 NW at 839.

The argument that to require the same jurors to agree on each issue submitted for resolution would so complicate the jury's work as to make a valid special verdict exceedingly difficult to obtain does not stand close scrutiny. Even in a simple negligence case, if liability is not admitted, the same jurors must concur on at least three issues—negligence, injury and damages. There is no difference in principle between the process in which a jury makes a general finding (general verdict) based on a series of special findings, and the process in which the court makes a general finding which is based upon a series of special findings (special verdict) by the jury. If the findings are inconsistent, a verdict based on them is invalid. The principle being the same, inconsistency ought not be allowed in one process and not the other.

The judgment of the trial court is affirmed.