Per Curiam.

A 10 to 2 verdict is involved in this negligence case. On this record, no valid general verdict was recorded in favor of the plaintiffs (see CPLR 4111, 4113). Upon the report of the verdict and subsequent pollings, only 9 of the individual jurors agreed as to the unit of liability and damages. The pollings reveal that 2 jurors ‘ ‘ split ’ ’ their votes thereon, i.e., one of them found defendants not negligent but agreed as to the amount of damages to be awarded the plaintiff wife and the other found defendants negligent but did not agree as to the amount to be awarded her. Such an exchange was improper. We therefore find that there was no “ tenth ” juror who agreed on both essential elements, viz., liability and damages. The same defect attaches to the husband’s verdict and it, too, is vulnerable.
A general verdict is an indivisible entity and it cannot readily be separated into its component elements (see 89 C. J. S., Trial, § 485, p. 138, and cases cited therein). Hence, in a negligence case, a general verdict requires each juror, comprising at least 10 of them, to report a verdict on the combination issues of liability and damages.
The situation might have been different if the issues of liability and damages had been, by order, tried separately (see CPLR 603). Then, any 10 jurors making for a valid verdict need not be the same with respect to each of their votes on the separated issues of liability and damages.
Accordingly, a new trial is ordered. Perforce, we need not reach the question of excessiveness of the verdict. Judgment reversed and a new trial ordered, with $30 costs to appellants to abide the event.
Concur — Markowitz, J. P., Litpiano and Quinn, JJ.
Judgment reversed, etc.