OPINION OF THE COURT
Anthony J. Di Paola, J.
The jury in this automobile negligence case returned a general verdict in favor of the plaintiff for $20,000 after a full trial. In the course of the report and recording of the verdict it appeared that the jury had voted 5 to 1 (Juror No. 3 dissenting) in finding liability of the defendants and also 5 to 1 (Juror No. 4 dissenting) as to the quantum of damages. This court now has before it the defendants’ motion to set aside the verdict as contrary to the evidence, as excessive and as inconsistent.
The verdict was consonant with and amply supported by the evidence and its amount is entirely justified thereby. These branches of the postverdict motion require no further comment.
The substantive question is whether the verdict is vulnerable because the same five jurors did not join in determining *724 liability and in assessing damages. Murphy v Sherman Transfer Co. (62 Misc 2d 960, 961) answers this question in the affirmative on the ground that "[a] general verdict is an indivisible entity and it cannot readily be separated into its component elements.” But the court noted (p 961) that "[t]he situation might have been different if the issues of liability and damages had been, by order, tried separately * * * Then, any 10 jurors making for a valid verdict need not be the same with respect to each of their votes on the separated issues of liability and damages.”
Whether that distinction is indeed valid has been questioned by Professor McLaughlin (22 Syracuse L Rev 55, 87 et seq.) and more intensively criticized by Professor Siegel in his commentary to CPLR 4113 (Siegel, 1977-1978 Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 4113, pp 82-83). As he says: "It would seem, in view of the ready availability of bifurcated trial today, that the court’s position in Murphy was needlessly technical. Ten jurors agreed that D was liable; ten agreed that P suffered X damages. Why cannot the verdict be sustained?”
In Ward v Weekes (107 NJ Super 351) the court held that although the same 10 of 12 jurors did not agree on issues of liability and damages, the 10 to 2 jury verdict on each issue was valid. In so doing the court said (p 354): "The instant case is typical of the many auto accident cases tried daily in the courts. The dispositive issues in these cases are usually negligence, contributory negligence and damages. A typical charge explains the function of the court and jury, defines the applicable law, and suggests to the jury that (a) they first consider the issue of defendant’s negligence, and if they absolve him from responsibility, they need go no further; (b) if they find defendant to be negligent as defined to them, they should then consider the issue of plaintiff’s contributory negligence, and if they find him to have been negligent as defined, then again they need go no further; and (c) if they find defendant to have been negligent and plaintiff free from contributory negligence then, and only then, should they consider the issue of damages. The charge generally concludes with the explanation that their verdict may be no cause for action if they find for defendant, or one lump sum of money if they find for plaintiff; and that their verdict may be rendered as soon as at least ten of them are in agreement. We are unaware of any charge, nor has any been brought to our attention, which instructs the *725 jury to vote separately on each issue and that at least the same ten must agree on all issues.” (See, also, Fields v Volkswagen of Amer., 555 P2d 48, 54 [Okla]; Naumburg v Wagner, 81 NM 242.)
The appropriate assumption in a case such as this is that when a juror is outvoted on the question of liability he will accept the outcome and continue to deliberate with the other jurors honestly and conscientiously to decide the remaining issues (Ward v Weekes, supra, p 355). The result is that it is not necessary to require the same five jurors to agree on all material issues. It is sufficient that at least five jurors agree on every material issue (Naumburg v Wagner, supra, p 244). The result is fair because six jurors must still participate in arriving at a conclusion as to each ultimate issue, i.e., negligence, contributory negligence and, if necessary, damages.
The defendants’ liability was established here by the verdict of the statutory number required, to wit, five of a jury of six. There was no more inconsistency in Juror No. 3 voting with her fellows on the issue of damages after the jury found defendants negligent despite her views than if the same jury had tried these issues in a bifurcated trial where it is clear that her dissent as to liability would not have disqualified her from voting on the issue of damages (Murphy v Sherman Transfer Co., 62 Misc 2d 960, 961, supra; Ward v Weekes, supra; Naumburg v Wagner, supra; cf. Reed v Cook, 103 NYS2d 539). Those cases in other jurisdictions holding otherwise are fully discussed and distinguished in the Naumburg case (81 NM 242, 243-245, supra). For these reasons, the court is constrained to disagree with the determination made in Murphy v Sherman Transfer Co. (supra) and to deny the motion to set aside the verdict for inconsistency.
Finally, it should be noted that the contretemps in this case came about inadvertently in the course of the polling of the jury on its general verdict. This decision is not a holding that it would be proper to poll a jury rendering such a verdict as to each issue involved in its arriving thereat. In fact, the contrary is true (see Pickering v Freedman, 32 AD2d 649).