Argued July 26, reversed and remanded for new trial October 22, 1979

STATE OF OREGON,
*Respondent,*

*v.*

STEPHEN GARDNER SANNE,
*Appellant.*

(Nos. 78-1766-C-3, 78-1767-C-3, 78-1825-C-2
78-1826-C-2, 78-471-C-1, CA 12943)

601 P2d 880

Robert J. McCrea, Eugene, argued the cause for appellant. With him on the brief was Morrow & McCrea, P.C., Eugene.

Robert C. Cannon, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Joseph and Roberts, Judges.

ROBERTS, J.

## ROBERTS, J.

Defendant appeals from his convictions for attempted aggravated murder and three charges of criminal activity in drugs. He was indicted separately on each of the four charges, and, on motion of the state, all of the charges were tried together.[1] Defendant contends that four of the jury instructions given by the trial court were improper. We consider two of the instructions and reverse.

The charges arose out of the following incident. Defendant was stopped by a police officer for a minor traffic violation. He attempted to shoot the officer with the officer's gun then fled the area. After defendant had fled, the officer discovered drugs in defendant's vehicle. Defendant was apprehended shortly thereafter.

■ Defendant first takes issue with the emphasized portion of the following instruction:

"As I indicated to you earlier, and as I will repeat again, you must treat each indictment separately. *In addition, the same ten or more of your number must agree upon each verdict that you return, whether it's guilty or not guilty.*" (Emphasis supplied.)

His objection is that the instruction requires the jury to reach the same verdict on all four of the charges. He contends that if the jury had wanted to acquit defendant of the attempted aggravated murder charge, it would have had to acquit him on the drug charges as well and, therefore, may have found him guilty of the attempted murder charge in order to convict him on the drug charges.

There is nothing in the constitution, statutes or case law requiring that, or authorizing a requirement that, the same 10 jurors agree upon the verdicts for each of several crimes which have been joined for trial. Therefore, the instruction was not a correct statement of the law.

---

[1] Defense counsel filed a motion to sever all charges for trial, but withdrew the motion at defendant's request.

[817]

Further, although a literal reading of the instruction reveals that it did not actually require the jury to reach the same verdict on all four charges, the instruction was susceptible of the interpretation raised in the defense's objection. The jury poll showed that the vote on two of the drug charges was 12-0, the vote on the third drug charge was 11-1 and the vote on the attempted murder charge was 10-2. While the poll showed that the same 10 jurors who voted "guilty" on the attempted murder charge voted "guilty" on the drug charge, it is possible that one or more of the jurors believed it was necessary to vote for a conviction on the attempted murder charge in order to insure convictions on the drug charges. We, therefore, find that the error was prejudicial.

■ We address defendant's argument on one of the other instructions in order to point out an apparent error in the Oregon Revised Statutes. The following instruction is the subject of defendant's assignment of error:

" 'Police officer' means an officer or member of the law enforcement unit who is employed full time as a peace officer commissioned by a city, and who is responsible for enforcing the criminal laws of this state."

This definition was given in conjunction with the aggravated murder instruction. ORS 163.095 provides in relevant part:

"As used in ORS 163.105 and this section, 'aggravated murder' means murder as defined in ORS 163.115 which is committed under, or accompanied by, any of the following circumstances:

"* * * * *

"(2)(a) The victim was one of the following and the murder was related to the performance of the victim's official duties in the justice system:

"(A) *A police officer as defined in subsection (5) of ORS 181.610;*

"(B) A correctional, parole or probation officer or other person charged with the duty of custody, control

or supervision of convicted persons;" (Emphasis supplied.)

ORS 181.610(5) and (6) provide:

"(5) 'Parole and probation officer' means any officer employed full time by the Corrections Division who is charged with and actually performs the duty of community protection by controlling, supervising and providing reformative services for adult parolees and probationers, or who performs the duty of investigation of adult offenders on parole or probation or being considered for parole or probation.

"(6) 'Police officer' means an officer or member of a law enforcement unit who is employed full time as a peace officer commissioned by a city, port, school district, mass transit district, county, Indian reservation or the Governor and who is responsible for enforcing the criminal laws of this state or laws or ordinances relating to airport security."

Defendant contends the instruction was improper because it gave the definition set forth in subsection (6) above rather than subsection (5) as indicated in ORS 163.095. It is apparent that the reference to ORS 181.610(5) is a typographical error, since subsection (5) provides a definition of "parole and probation officers" and ORS 163.095(2)(a)(A) directs the reader to a definition of "police officer," which definition is found in subsection (6) above. The legislature's intent is further made clear by the fact that parole and probation officers are covered separately by ORS 163.095 (2)(a)(B).

We conclude the instruction was correct as given.

Reversed and remanded for new trial.