# DAVIS,
## *Appellant,*

### *v.*

# DUMONT et al
## *Respondents.*

## (No. A7905-02137, CA 18324)

627 P2d 907

Raymond J. Conboy, Portland, argued the cause for appellant. With him on the brief were Elliott Lynn and Pozzi, Wilson, Atchison, Kahn & O'Leary, Portland.

Duane Vergeer, Portland, argued the cause for respondent Debi Dumant. On the brief were Thomas Sauberli, and Vergeer, Roehr & Sweek, Portland.

William A. Masters, Portland, argued the cause for respondent Chi Chau. With him on the brief were Charles T. Smith, and Lang, Klein, Wolf, Smith, Griffith & Hallmark, Portland.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiff appeals entry of judgments in favor of both defendants in this action for damages arising out of an automobile accident on the Ross Island Bridge in Portland.

Defendant Chau struck an automobile while crossing the bridge and came to a stop in the inner westbound lane. Plaintiff, who was driving in the opposite direction, was forced to stop because Chau's vehicle was blocking his lane. Plaintiff got out of his car while Chau attempted to move his vehicle out of the way. As Chau was moving his vehicle, it was struck in the rear by defendant Dumont's car. The impact pushed Chau's vehicle forward, striking plaintiff, who sustained injuries to his right leg and thigh. Plaintiff sued both Chau and Dumont.

The case was tried to a jury. At the close of the trial, the trial court instructed the jury that any verdict they returned must have been agreed upon by at least nine jurors and that each question answered must have been agreed upon by the same nine jurors.

After some deliberation, the jury asked the court if it could return a verdict if the same nine jurors could not agree on the issue of each defendant's liability. After an off-the-record discussion with counsel, the court instructed the jury that if it found one defendant was not liable, it should consider the remaining questions as though that defendant were out of the case, and if it found neither defendant liable, it should return a verdict even if a different combination of nine jurors found the defendants not liable. Although plaintiff objected on other grounds, he did not object to the instruction that the same nine jurors did not have to agree about the absence of liability on the part of both defendants.

The jury returned a verdict in favor of both defendants. The vote was 10-2 in favor of Dumont and 9-3 in favor of Chau. When the jury was polled, it was shown that only eight jurors agreed with the verdict as to both defendants.

Plaintiff assigns as error the court's instruction and the receipt of the verdict.[1] Plaintiff argues that the verdict was invalid under the Oregon Constitution, Amended Article VII, § 5(7) and ORCP 59G(2), which require that three-fourths of a jury must agree on a civil verdict. In support of his contention that the verdict was invalid, plaintiff relies on decisions relating to general verdicts and integrated special verdicts.

The Supreme Court has held that where there was a general verdict which required that the jury first determine two or more material issues, the same nine jurors must agree on each material issue. *Clark v. Strain et al,* 212 Or 357, 319 P2d 940 (1958).

In *Munger v. S.I.A.C.,* 243 Or 419, 414 P2d 328 (1966), the Supreme Court held that where the jury was asked to decide special issues, the same nine jurors must agree on each special issue, and when only eight jurors agreed that appellant was permanently partially disabled and the extent of that disability was 70 percent, the verdict was invalid. The court said that where more than one question had to be answered to establish liability, there was no reason to distinguish between a general verdict and a special verdict, and nine jurors would have to agree on each question.

This case is unlike *Clark* and *Munger.* Here we have two defendants whose separate and independent conduct is alleged to have negligently caused injury to the plaintiff. The jury's decision in favor of one defendant would not be dependent on any decision it might make about the other defendant. If one defendant was found nonnegligent, he or she would be out of the case and the issue of the other defendant's liability and damages would then be submitted to the jury.

■ ■ When the questions presented in a special verdict are not dependent, neither the constitution, statute nor

---

[1] Plaintiff also contends the court erred in not granting his motion for a new trial based upon the same grounds. An order denying a motion for new trial alleging only errors occurring during trial presents nothing for consideration on appeal. *Gordon Creek Tree Farms v. Layne et al,* 230 Or 204, 238, 358 P2d 1062, 368 P2d 737 (1962).

case law require that the same nine jurors agree on each question.[2] We therefore hold that the jury was properly instructed and its verdict was regular.

Even if the verdict was not regular, the defendants contend that plaintiff agreed to be bound by a verdict in which the same nine jurors did not agree as to the liability of each defendant. Plaintiff maintains that he did not agree to a verdict where fewer than nine jurors agreed on both defendants' liability. Plaintiff explained what he had agreed to accept as follows:

> "My agreement with you, Your Honor, was that if the eleven to one, whatever that eleven to one was for, I agreed to be bound by that and going to Question No. 2; if it was nine to three on that question, that even though there was one of those persons—even though it was not the same nine, that I would go ahead and agree to be bound by that decision."

The jury decided Question No. 1 by a vote of 10-2. Plaintiff argues that he only agreed to be bound on Question No. 2 if the jury answered the first question 11-1 and that he did not agree to the instruction given by the trial court nor to the entering of the verdict returned.

■      The distinction on which plaintiff relies, between 11-1 and 10-2, is specious. We perceive no reason why an 11-1 and 9-3 combination would be acceptable, but a 10-2 and 9-3 combination would not. We believe the plaintiff was using an 11-1 vote (which is what the trial court and the parties understood the vote to be at that time) as an example, not as a condition, of his stipulation.

■      ORCP 56 allows parties to stipulate that a verdict of a stated majority of jurors shall be accepted as the jury's verdict. Plaintiff stipulated that he would accept a verdict agreed upon by fewer than nine jurors, so long as nine jurors had agreed on each special issue. Plaintiff is bound by that stipulation.

The trial court did not err in its instructions to the jury or in receiving the verdict.

Affirmed.

---

[2] In *State v. Sanne,* 42 Or App 815, 601 P2d 880 (1979), we held that there is no requirement that the same ten jurors agree upon the verdicts for each of several crimes which have been joined for trial in a criminal case.