(860 P.2d 62)

No. 69,281

Gwen D. Hendrix, *Appellant,* v. Docusort, Inc., *Appellee.*

——

Opinion filed September 24, 1993.

*Laurence M. Jarvis,* of Lawrence M. Jarvis, Chartered, of Kansas City, for the appellant.

*Leonard R. Frischer,* of Wallace, Saunders, Austin, Brown and Enochs, Chartered, of Overland Park, for the appellee.

Before Pierron, P.J., Brazil, J., and James J. Smith, District Judge, assigned.

Pierron, J.: This case arises out of a personal injury case tried to a jury. The jury returned a general verdict made up of four questions. The jury returned a 10 to 2 verdict for the plaintiff on three of the four questions. However, the majority was not composed of the same jurors on each question. The plaintiff appeals, arguing the same 10 jurors must vote in the majority on each question. We affirm.

At the close of trial, the jury was instructed to render a verdict by giving its responses to four questions. The jury was instructed that at least 10 jurors had to agree to the answer to each question. The jury returned the verdict form as follows:

"We, the jury, present the following answers to the questions submitted by the court:

"1. Do you find any of the parties to be at fault? Answer yes or no   Yes

"Proceed to question two only if you found any party to be at fault.

"2. Considering all of the fault at one hundred percent, what percentage of the total fault is attributable to:

| | | |
|---|---|---|
| Gwendolyn Hendrix | (0% to 100%) | 45% |
| Docusort, Inc. [Derrick T. Williams] | (0% to 100%) | 55% |
| | | 100% |

"Proceed to the remaining questions only if you found the fault of the party seeking damages to be less than 50% of the total fault.

"3. Without considering the percentage of fault found in question two, what damages do you find were sustained by Gwendolyn Hendrix?

| | |
|---|---|
| A. Noneconomic loss to date | $ 0 |
| B. Future noneconomic loss | $ 0 |
| C. Medical expenses to date | $ 0 |
| D. Future medical expenses | $ 0 |
| E. Economic loss to date | $ 1730.36—Truck damages |
| TOTAL DAMAGES | $ 1730.36 |

"4. Our finding of monetary damages for noneconomic loss stated in paragraphs 3A and 3B includes $0 for pain and suffering.

"Number of jurors in agreement upon the answers given to the questions submitted:

Twelve jurors _____
Eleven jurors _____
Ten jurors ___X___

Ralph P. Gregory
_____
Presiding Juror"

The plaintiff's attorney asked that the jury be polled. Nine jurors responded that it was their verdict. Three responded negatively. The court then asked the foreman if he needed to return to the jury room to clear up the confusion, as the form indicated 10 jurors had agreed to the verdict. Plaintiff's counsel moved for a mistrial. The motion was denied.

The jury retired and later sent a note to the judge, who then called the jury back to the courtroom. The note revealed that 10 jurors agreed on question two, apportionment of fault, and 10 agreed on question three, regarding the amount of damages to be awarded. However, the majorities were not composed of the same people. An unknown majority of 10 also agreed on question four. Question one, negligence, was not addressed in the note. The court accepted the verdict and entered judgment for plaintiff.

The plaintiff again moved for a mistrial, and again the motion was denied. The plaintiff filed a motion for a new trial which was also denied.

The defendant prepared a journal entry reflecting the facts set out above, and the court entered judgment for the plaintiff. The plaintiff now appeals.

The first issue is whether the trial court erred by accepting a verdict where it is alleged that less than 10 jurors found negligence.

This particular issue was not raised when the jury returned its verdict, nor was it raised in the plaintiff's motion for a new trial. In fact, in the motion for a new trial, the plaintiff states 12 people agreed on the issue of negligence. Further, the plaintiff did not dispute this issue at the conference to settle the journal entry.

The rule regarding motions for new trial is codified at K.S.A. 60-259. This rule does not address the question of whether the grounds for a new trial must be preserved at the trial level in order to raise those grounds in challenging the denial of a motion for a new trial on appeal. However, applying this rule would be consistent with appellate jurisprudence. See *Diversified Financial Planners, Inc. v. Maderak,* 248 Kan. 946, 948, 811 P.2d 1237 (1991); *Plummer Development, Inc. v. Prairie State Bank,* 248 Kan. 664, 671, 809 P.2d 1216 (1991).

The appropriate rule is that grounds for a new trial must be based on objections properly made and preserved at trial. If this is not done, they generally cannot be considered on appeal.

Further, the law in Kansas is clear that a jury verdict may only be reformed with the assent of the jury before it is discharged. K.S.A. 1992 Supp. 60-248(g); *Cornejo v. Probst,* 6 Kan. App. 2d 529, 541, 630 P.2d 1202, *rev. denied* 230 Kan. 817 (1981). The time to clear up questions about the verdict was at trial.

Additionally, the verdict form states 10 jurors agreed with the verdict. As the note from the foreman indicated, it may not have been the same 10 on any particular question, but it was 10. The argument by counsel for the plaintiff that only nine agreed on the verdict simply ignores contrary evidence.

The next issue is whether the trial court erred by accepting 10 to 2 verdicts on three questions, when the same 10 jurors did not necessarily comprise the majority on each question.

K.S.A. 1992 Supp. 60-248(g) states:

"Whenever the jury consists of 12 members, the agreement of 10 jurors shall be sufficient to render a verdict. In all other cases, subject to the stipulation of the parties as provided in subsection (a), the verdict shall be by agreement of all the jurors. The verdict shall be written, signed by the presiding juror and read by the clerk to the jury, and the inquiry made whether it is their verdict. If less than the required number of jurors agree, the jury must be sent out again. If agreement of the required number is expressed, and no party requires the jurors to be polled individually, the verdict is complete, and the jury discharged from the case. If the verdict is defective in form only, it may be corrected by the court, with the assent of the jury, before it is discharged."

The plaintiff argues this statute must be interpreted to require that the same 10 jurors must agree on each question comprising the verdict in order for the verdict to be valid. The defendant argues any coalition of 10 jurors answering a question is sufficient to render a valid verdict. This question has not been considered in Kansas. The statute provides no assistance in answering the question. However, other states have considered this issue and have reached different conclusions. Two different rules have developed, the "same juror" rule and the "any majority" rule.

### The Same Juror Rule

Some states have held that the same 10 jurors must form the majority on each question in order for a verdict to be valid. These states reach this conclusion based on the belief that to hold otherwise would allow inconsistent voting. These states also adopt the theory that a jury verdict is a "non-fragmentable totality . . . . a whole and separate entity . . . represent[ing] one ultimate finding on the basis of several issues." Comment, *Vote Distribution in Non-Unanimous Jury Verdicts,* 27 Wash. & Lee L. Rev. 360, 363-64 (1970). Some have theorized that the same juror rule is an attempt to hold onto the common-law rule requiring complete unanimity in a verdict, even though the rule has been changed by constitutional and statutory law. 27 Wash. & Lee L. Rev. at 362-63.

The rationale supporting the same juror rule was set out by the Ohio Supreme Court in *O'Connell v. Chesapeake & Ohio R. R. Co.,* 58 Ohio St. 3d 226, 569 N.E.2d 889 (1991). Summarized, the Ohio court adopted this position because it believed "the determination of causal negligence on the part of one party to

be a precondition to apportioning comparative fault to that party." 58 Ohio St. 3d at 235. Finally, the court refused to accept the argument that following the same juror rule would lead to an increase in hung juries and mistrials.

Other states which have adopted the same juror rule have done so based on the rationale set out in *O'Connell*. See *Klanseck v. Anderson Sales & Service, Inc.,* 136 Mich. App. 75, 84, 356 N.W.2d 275 (1984) (same juror rule applies to liability and damages issue; same five of six jurors must agree on all issues encompassed in verdict), *aff'd* 426 Mich. 78, 393 N.W.2d 356 (1986); *Schultz v. Monterey,* 232 Or. 421, 424, 375 P.2d 829 (1962) (same juror rule applied); *Clark v. Strain,* 212 Or. 357, 364-66, 319 P.2d 940 (1958); *Veberes v. Knappton Corporation,* 92 Or. App. 378, 381, 759 P.2d 279 (same juror rule applies to questions that are interdependent), *rev. denied* 307 Or. 78 (1988); *Zintek v. Perchik,* 163 Wis. 2d 439, 465-67, 471 N.W.2d 522 (Ct. App.) (same jurors must agree on all questions necessary to support judgment against the defendant), *rev. denied* 164 Wis.2d lxxi (S. Ct. 1991); *McCauley v. International Trading Co.,* 268 Wis. 62, 70, 66 N.W.2d 633 (1954) (same jurors must agree on all issues in verdict). In two of these states (Wisconsin and Oregon), the statutes regarding jury verdicts require the same juror rule. It should also be noted that one jurisdiction that has historically followed this rule has recently adopted the any majority rule. See *Young v. J.B. Hunt Transp., Inc.,* 781 S.W.2d 503, 505-06 (Ky. 1989) (overruling *Baxter v. Tankersley,* 416 S.W.2d 737 [Ky. 1967]) (holding each interrogatory in special verdict is a separate verdict; agreement by a juror with majority on each issue not required for valid verdict).

The question in *O'Connell,* 58 Ohio St. 3d 226, was whether the same jurors had to agree on fault and the apportionment of the fault. One juror found no one was negligent, yet she participated in apportioning fault. A second juror found only one party at fault, yet she also signed the interrogatory apportioning fault.

The jury form in the present case does not provide much insight into what the jurors believed. The form asks first whether any of the parties were at fault. The jury answered yes. Apparently all 12 jurors agreed that someone was at fault. Where the jury disagreed was on who was responsible for what percentage of

fault. We do not know if one or two jurors thought only the plaintiff or defendant was at fault, or if the disagreement was over what percentage of fault to assign. If one or both of the dissenting jurors believed one of the parties was not negligent, the facts would approximate those presented in *O'Connell.*

The argument for the same juror rule seems to be most compelling in cases where the jurors have adopted positions which are arguably inconsistent. This includes cases where a juror assigns fault to a person the juror does not believe was negligent. However, some states have adopted the position that the same juror rule applies to all questions contained in a verdict, including independent issues such as fault and damages. In cases, including possibly the instant case, where the voting inconsistency may occur between percentage of liability and damages, the same juror rule is less compelling. No one has necessarily adopted inconsistent positions. Rather, the disagreement is over theoretically unrelated issues.

The plaintiff points out that for jurors the issues of fault and damages are interwoven. The Kansas Supreme Court recognized this point in *Merando v. A.T. & S.F. Rly. Co.,* 232 Kan. 404, 410, 656 P.2d 154 (1982). In that case the court stated:

"Theoretically, damages and fault are separate and distinct subjects. From the standpoint of the jury, however, they are interwoven; the damages recoverable depend upon and are governed by percentage of fault. The decision as to damages to be recovered by the plaintiff is intimately related to the jury's determination of fault."

This statement is dicta and should not be interpreted as a rule controlling a court's determination of the validity of a verdict.

### The Any Majority Rule

The flip side of the same juror rule is the any majority rule. The courts adopting this position have reasoned that a majority is a majority, and any coalition of jurors should be sufficient to render a valid verdict. These courts do not find it "logically inconsistent" to allow jurors who voted against holding a party liable to apportion fault to that party.

In *Juarez v. Superior Court,* 31 Cal. 3d 759, 768, 183 Cal. Rptr. 852, 647 P.2d 128 (1982), the California court stated:

"Absent evidence to the contrary,. we cannot assume that a juror will ignore his sworn duties. 'It is more proper to assume that when a juror is outvoted on an issue (liability) he will accept the outcome and continue to deliberate with other jurors honestly and conscientiously to decide the remaining .issues.' *(Ward v. Weekes* (1969). 107 N.J.. Super. 351 [258 A.2d 379, 381]; see also *Forde v. Ames,* (1978) 93 Misc. 2d 723 [401 N.Y.S.2d 965, 966-67].)"

The court, in adopting this position, indicated it believed that the any majority rule better achieves the policy behind statutes which allow less than unanimous verdicts, including overcoming hung juries which lead to mistrials and new trials. *Juarez,* 31 Cal. 3d at 767.

The any majority rule has been adopted in the following cases: *Tillman v. Thomas,* 99 Idaho 569, 571-73, 585 P.2d 1280 (1978) (any majority rule adopted); *Powell v. Norman Lines,. Inc.,* 674 S.W.2d 191, 199 (Mo. App. 1984) (applying any majority rule); *Williams v. James,* 113 N.J. 619, 552 A.2d 153 (1989) (applying any majority rule to question of liability and percentage of fault); *Ward v. Weekes,* 107 N.J. Super. 351, 258 A.2d 379 (1969) (same 10 jurors need not agree on liability and damages); *Naumburg v. Wagner,* 81 N.M. 242, Syl. ¶ 1, 465 P.2d 521 (1970) (adopting any majority rule; so long as no juror is guilty of irreconcilable inconsistencies or material contradictions when his vote is considered); *Schabe v. Hampton Bays,* 103 App. Div. 2d 418, 421-27, 480 N.Y.S.2d 328 (1984) (any majority rule adopted); *Davis v. Dumont,* 52 Or. App. 73, 76-77, 627 P.2d 907 (qualified use of any majority rule; any 10 jurors may comprise majority so long as voting on interdependent questions is consistent), *rev. denied* 291 Or. 309 (1981).

Although the Kansas appellate courts have not considered this question, the Kansas Supreme Court did consider a related question in *Cleveland v. Wong,* 237 Kan. 410, 701 P.2d 1301 (1985). In *Cleveland,* a medical malpractice case, the court held that so long as the required number of jurors found the physician was negligent, the verdict was valid. It did not matter that the jury found the negligence was based on different acts. The court said:

"If a jury finds a defendant negligent *in one or more* of the claims of negligence upon which there is competent substantial evidence, and further finds that the plaintiff sustained damages as a direct result of the defendant's

negligence, that is sufficient. If the requisite number of jurors are unanimous in finding causal negligence, that is sufficient. We find no recent cases supporting the rationale of *Barker*[v. Railway Co., 89 Kan. 573, 132 Pac. 156 (1913)], and we decline to follow it. Unanimity upon the specific negligent act or omission is not required." *Cleveland,* 237 Kan. at 418.

Another case which provides guidance is *Enlow v. Sears, Roebuck & Co.,* 249 Kan. 732, 822 P.2d 617 (1991). One of the issues appealed in *Enlow* was whether the verdict was valid. The jury found the defendant was not negligent, yet attributed 50% of the fault to the defendant. The Supreme Court stated, " 'So long as the verdict manifests the intentions and findings of the jury upon the issues submitted, it will not be overthrown merely because of defects in form.' " *Enlow,* 249 Kan. at 745 (quoting *Fudge v. City of Kansas City,* 239 Kan. 369, Syl. ¶ 4, 720 P.2d 1093 [1986]). The court did not find the inconsistency was fatal. This may indicate the court would be willing to accept an individual juror's inconsistencies.

We therefore find that the any majority rule appears to be the better approach. Adopting this rule, of course, would have no impact on inconsistent findings by a jury.

Affirmed.