**Darla FRITZ and Gordon Fritz, Appellees,**

v.

**Hazel WRIGHT, Carolyn Temple, Bonnie Stuart and Samuel Wright, Individually and Doing Business as Wright's Lane Properties, Appellants.**

Superior Court of Pennsylvania.

Argued Oct. 26, 2004.

Filed April 11, 2005.

Peter F. Schuchmna, Jr., Wyomissing, for appellants.

Nina B. Shapiro, Wyomissing, for appellees.

BEFORE: DEL SOLE, P.J., GANTMAN and OLSZEWSKI, JJ.

___

OPINION BY DEL SOLE, P.J.:

¶ 1 This is an appeal from the judgment entered on a jury verdict awarding Appellees [1] $51,300 in an action for personal injury. Appellants raise four issues for our review: (1) whether the evidence of negligence was sufficient to submit the matter to the jury; (2) whether improperly admitted evidence influenced the verdict; (3) whether the trial court improperly left out an applicable jury charge; and (4) whether the verdict was improperly recorded where only nine jurors agreed with it.

¶ 2 We begin by addressing the fourth issue, as we find it to be dispositive. The jury returned a verdict consisting of responses to seven interrogatories. At least ten of the twelve jurors agreed on the answer to each interrogatory, but not the same ten on every one. All twelve jurors agreed Appellants were negligent and that Appellants' negligence was a substantial factor in bringing about Appellee's harm. All twelve also found Appellee was contributorily negligent. On the question of whether Appellee's contributory negligence was a substantial factor in bringing about his harm, only ten agreed it was not. Concerning damages, ten jurors agreed Appellee's damages were $51,300 and twelve agreed on damages for Appellee's wife. The problem is that where only ten jurors agreed, the identities of the two dissenters were not consistent. The chart below demonstrates the problem:

| Juror Number | Contributory Negligence a Factor? | Damages |
| --- | --- | --- |
| 4 | Yes | $ 6300 |
| 8 | Yes | $51300 |
| 9 | No | $ 6300 |

¶ 3 Historically, the Pennsylvania Constitution was interpreted to require jury verdicts in both civil and criminal cases to be unanimous. In 1971, however, the Constitution was amended, permitting the General Assembly to replace the unanimity requirement in civil cases with a five-sixths rule. PA. CONST., art. 1, § 6 (1971). The legislature did so, thus a verdict in a civil case heard by twelve jurors must be agreed upon by ten of the jurors. 42 Pa.C.S.A. § 5104(b).[2]

¶ 4 In this case, as demonstrated above, the "verdict", which answered "No" to the interrogatory asking whether contributory negligence was a factor and which awarded $51,300 in damages to Appellee, was not the verdict of Jurors 4, 8, or 9, as each voted for a different result, at least in part.

¶ 5 The question, which appears to be one of first impression, is whether the "verdict" consists of all of the answers to the interrogatories or whether each individual interrogatory is a separable "verdict." We find that, in the interest of justice, we can not parse the verdict sheet and count the votes on each question as if it were a separable verdict. While we are cognizant that the interrogatory style of verdict form invites the type of confusion seen in this case, we find that a parsing of the form would fail to account for unknowable matters such as jury compromise, and would, in our view, result in an impermissible alteration of the five-sixths statute's meaning. We thus hold that the "verdict," upon which five-sixths of the jurors must agree, is comprised of all interrogatory responses. In this case, that verdict was the verdict of only nine of the twelve ju-

1. Appellees are husband and wife. References to Appellee singularly refer to the husband, whose fall precipitated this action.

2. "In any civil case a verdict rendered by at least five-sixths of the jury shall be the verdict of the jury and shall have the same effect as a unanimous verdict of the jury."

rors, and thus was not a verdict at all.[3]

¶ 6 Accordingly, we vacate the judgment and remand for a new trial. Because we are remanding for a new trial, we need not address Appellants' remaining claims of trial error.

¶ 7 Judgment vacated. Case remanded. Jurisdiction relinquished.

¶ 8 OLSZEWSKI, J. files a dissenting opinion.

### DISSENTING OPINION BY OLSZEWSKI, J.:

¶ 1 Indeed, appellants bring a very difficult issue to our Court. The issue tackled by the majority not only requires us to define the term "verdict" in cases where special interrogatories are used, but it also requires us to determine how much, if at all, we should interfere in the jury's deliberations. Here, the majority has established a rule mandating that the same jurors agree on the same questions. I cannot agree that this is the correct result; while I believe the majority has shown an improper mistrust in juries and has incorrectly defined the term "verdict," most importantly the majority's decision places an unconstitutional burden on a civil litigant's right to a jury of twelve persons. Thus, I dissent.

¶ 2 I must first take issue with what I believe is a basic premise underlying the majority's opinion, that jurors are unable to engage in rational decision making. By way of an example, take an easier case where Jurors A and B vote that the defendant was "not negligent" in causing plaintiff's injuries; the ten other jurors on the panel, however, all vote for the defendant's negligence. Are Jurors A and B then precluded from any consideration in the other issues raised, such as whether plaintiff's contributory negligence was a factor in bringing about his injuries or, more importantly, the proper amount of damages the plaintiff sustained? Are we saying that, because of their prior votes, Jurors A and B cannot take defendant's negligence "as a given" and rationally ask whether, and to what extent, the plaintiff's own negligence brought about his harm? Are we saying that Jurors A and B cannot set the defendant's negligence in stone and then say to themselves, "well, alright, ten of my fellow jurors found the defendant negligent; the defendant is therefore negligent; while I disagree with my fellow jurors' ultimate conclusion, I understand how they could have ruled in such a manner and wish to continue in the deliberations; now, how much damage did defendant's negligence cause plaintiff?" This type of thought process is simply rational analysis and is something that lawyers are required to do every day. Jurors can't?

¶ 3 Moving from the question of whether jurors are able to think rationally, I also believe the majority's approach is inconsistent with our Supreme Court's definition of a "verdict."

¶ 4 42 Pa.C.S. § 5104(b) declares:

In any civil case a verdict rendered by at least five-sixths of the jury shall be the verdict of the jury and shall have the

---

3. Contrary to the Dissent's suggestion, our holding is not based on the premise that jurors are "unable to engage in rational decision making." Rather, we recognize that a rational decision is necessarily the result of the expression of each juror's sincerely held view. Our holding does not prevent jurors with dissenting views from fully participating in the deliberation process. These jurors may continue to express their disagreements throughout the deliberation process and seek to persuade others to their point of view. In the final analysis, the jury must return a verdict with which five-sixths of it agrees. As evidenced at the time of the polling of this jury, that was not the case and therefore, no verdict could be entered.

same effect as a unanimous verdict of the jury.

¶ 5 According to the majority, a "verdict" is a "non-fragmentable totality ... a whole and separate entity ... represent[ing] one ultimate finding on the basis of several issues." *Hendrix v. Docusort, Inc.*, 18 Kan.App.2d 806, 860 P.2d 62, 65 (1993) (*citing* Comment, *Vote Distribution in Non–Unanimous Jury Verdicts*, 27 Wash. & Lee L.Rev. 360, 363–64 (1970)). Defining "verdict" in this manner, the majority is undoubtedly correct to state:

> the "verdict", which answered "No" to the interrogatory asking whether contributory negligence was a factor *and* which awarded $51,300 in damages to Appellee, was not the verdict of Jurors 4, 8, or 9[; as such it was a] verdict of only nine of the twelve jurors, and thus was not a verdict at all.

Majority Opinion, at 852 (emphasis added).

¶ 6 Yet, as our Supreme Court has defined the term, "[a] verdict is the decision of a jury reported to the court on *matters* submitted to them on a trial." *Roth v. East Connellsville Coke Co.*, 242 Pa. 23, 88 A. 781 (1913) (emphasis added). It is "the verdict as uttered [which is] the sole embodiment of the jury's act." *Commonwealth v. Zlatovich*, 440 Pa. 388, 269 A.2d 469, 473 (1970). In the present case, the matters which were submitted to the jury were numerous and, with respect to each of the matters, the foreperson uttered the responses which were **agreed upon by at least ten of the jury members**. That, I believe, is what is required for a verdict.

¶ 7 Here, the matters submitted to the jury, as uttered by the foreperson, showed that: at least ten jurors agreed appellants were negligent; at least ten jurors agreed appellee's contributory negligence was not a substantial factor in bringing about his harm; and, at least ten jurors agreed ap-

pellee was entitled to $51,300 in damages. Thus, contrary to the majority's view, there was indeed a verdict in this case.

¶ 8 Further, the precedent today set by the majority will also have a lasting impact on jury deliberations; an impact which, I believe, unconstitutionally burdens a litigant's right to a "jury of twelve." *Smith v. Times Publ'g Co.*, 178 Pa. 481, 36 A. 296, 297 (1897).

¶ 9 First, the practical implications of today's decision must be discussed. As was so well stated by the Supreme Court of New York, the majority's conclusion today

> alter[s] a fundamental premise of the jury system—that all members of a jury panel partake meaningfully in disposition of the case. Under the [identical juror rule], the casting of a dissenting vote on any question reduces the dissenter's influence to a state of practical impotence and creates a mandate for continued unanimity among the other jurors on the remaining questions if the verdict is to survive. The dissenter is then bereft of real voting power, for his vote on the remaining questions can no longer affect the verdict. With the dissenter stripped of the power to affect further answers, the [twelve] person jury selected to decide the issues becomes for all practical purposes a jury of [eleven] because one member's opinion cannot be backed with a meaningful vote.

*Schabe v. Hampton Bays Union Free Sch. Dist.*, 103 A.D.2d 418, 480 N.Y.S.2d 328, 333 (1984) (citations omitted).

¶ 10 In our Commonwealth, there exists a constitutional right "entitl[ing] a party who properly demands a twelve person jury to a verdict from a jury of twelve persons." *Blum v. Merrell Dow Pharm. Inc.*, 534 Pa. 97, 626 A.2d 537, 538 (1993).

Most importantly, where a twelve-person jury is demanded, our Supreme Court has explicitly recognized that is of *constitutional importance* for each and every one of those twelve jurors to be able to engage fully in deliberations. *Id.* at 546–47. In *Blum,* our Supreme Court was confronted with the following argument:

> assuming *arguendo* that a right to a twelve person jury exists, the 1971 Pennsylvania Constitution and the subsequently enacted five-sixths rule, 42 Pa. C.S. § 5104(b), allow that a decision by ten of twelve jurors constitutes "the verdict of the jury" and it "shall have the same effect as a unanimous verdict of the jury." Therefore, Appellants aver that the decision of ten jurors is always constitutionally sufficient and no constitutional right in this appeal could have been violated where eleven of eleven jurors agree on a verdict.

*Id.* at 546.

¶ 11 Our high Court unequivocally struck down this argument, reasoning that even if eleven of the eleven jurors agreed on a verdict:

> It is a logical assumption that if twelve jurors had deliberated in this matter, the five-sixths' verdict might never have been reached. Moreover, an entirely different verdict may have been arrived at. Obviously, this would depend upon the leadership and persuasive abilities of the one juror who did not participate in the deliberations.

*Id.* at 546–47.

¶ 12 In so ruling, the Supreme Court showed how important it is *for each and every juror to fully participate in the deliberations of each and every matter.* Again, as the Supreme Court of New York put it:

> Whether in accord or disaccord with their colleagues, all jurors are entitled to participate fully in deliberations by attempting to alter their colleagues' votes at any time before the verdict is finalized and by rendering their own decisions in accordance with their honest convictions...*participation by less than all of its members deprives the jury of the reflections and judgment of an individual who might have opposed the verdict and might have persuaded one of more of the other jurors of the wisdom of his position.*

*Schabe,* 480 N.Y.S.2d at 335 (emphasis added).

¶ 13 In the case currently before our Court, the majority's "identical juror rule" will destroy the requirement that *all of the jurors* engage in full and fair deliberations of all matters before them: who's going to listen to a dissenting juror's views if the juror's vote will not affect the outcome?[4] Such a rule therefore runs directly into the mandate that a "jury of twelve" deliberate on all matters and is unconstitutional.

¶ 14 Yet, and while I dissent from the majority's decision, I am not oblivious to the concerns underlying its "identical juror rule." From what I see, the majority is especially wary that any other decision will, in effect, lower the plaintiff's burden

4. Since the majority's decision rules the day, I note that, when a "multiple question verdict form" is submitted to a jury, the trial judge must now *specifically instruct* the jury as to the fact that "at least five-sixths of the *same* jurors must agree on the *same* questions" for a verdict to be reached. In other words, the jury must *know* that the "verdict" is a "non-fragmentable totality ... representing one ultimate finding on the basis of several issues." *Hendrix,* 860 P.2d at 65. Thus, the jury will indeed be aware that if one juror dissents from a finding of, say, the defendant's negligence, the dissenting juror's "votes" on the other issues are useless.

of proof. To be sure, the concern is a substantial one. I do not, however, believe that the rule for which I advocate does anything to affect the plaintiff's burden: after all, five-sixths of the jurors must still agree on each and every liability and damage question before holding the defendant accountable.

¶ 15 I thus dissent from the majority's decision; while I believe it has defined the term "verdict" incorrectly, that concern pales in comparison to the unconstitutional burden it has placed on a litigant's right to a jury of twelve persons. And, as I believe appellants' other issues are meritless, I would affirm the judgment of the trial court.